UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| Kishore Naik, Harish Chand, Mohamed Kahlid Newaz, Abduel Baten Rocky, B. GouriShankar, and Mohamad M. Abbasi, each individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>Swagat Restaurant, Inc. d/b/a Sapphire Indian Cuisine, Satis Chandra Aurora, in his official and individual capacity, Sandip Dashi, in his official and individual capacity, and Does 1–50,<br><br>Defendants. | No.:<br><br>**COMPLAINT**<br><br>JURY TRIAL DEMANDED |

**CLASS AND COLLECTIVE ACTION COMPLAINT
AND DEMAND FOR JURY TRIAL**

Plaintiffs Kishore Naik ("Mr. Naik"), Harish Chand ("Mr. Chand"), Mohamed Kahlid Newaz ("Mr. Newaz"), Abduel Baten Rocky ("Mr. Baten"), B. GouriShankar ("Mr. GouriShankar"), and Mohamad M. Abbasi ("Mr. Abbasi"), each individually and on behalf of all other similarly situated employees (collectively, "Plaintiffs"), by and through their attorneys, the Ottinger Firm, P.C., as and for their Complaint in this action against Swagat Restaurant, Inc. d/b/a Sapphire Indian Cuisine, Satis Chandra Aurora, in his official and individual capacity, Sandip Dashi, in his official and individual capacity, and Does 1–50 ("Does") (collectively, "Defendants"), allege upon personal knowledge and upon information and belief as to other matters as follows:

**NATURE OF THE CLAIMS**

1. Plaintiffs, current and/or former non-exempt employees employed by Defendants, bring this action on their own behalf and on behalf of the proposed collective and Rule 23 class

identified below, against Defendants for violations of: (1 & 2) the minimum wage and overtime requirements under the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* ("FLSA"); (3 & 4) the minimum wage and overtime requirements under New York Labor Law ("Labor Law" or "NYLL"), §§ 650 *et seq.*, §§ 663, *et seq.*; (5) the spread of hours or split shift requirement under New York Rules and Regulation, 12 NYCRR § 142-2.4, ("NYCRR"); (6 & 7) the wage statement and notice requirements of NYLL §§ 195(1) and 195(3); and any other claim(s) that can be fairly inferred from the facts set forth herein.

2. Plaintiffs seek to represent a collective made up of all persons who are or have been employed by Defendants as non-exempt employees, including but not limited to Restaurant / Front Staff, Kitchen Staff, and other similar non-exempt jobs, in New York from three (3) years prior to this action's filing date through the date of the final disposition of this action.

3. Plaintiffs seek to represent a class made up of all persons who are or have been employed by Defendants as non-exempt employees in New York from six (6) years prior to this action's filing date through the date of the final disposition of this action.

## JURISDICTION AND VENUE

4. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 216(b) and 1331 as this case is brought under the FLSA. The Court has supplemental jurisdiction over Plaintiffs' state law claims pursuant to 28 U.S.C. § 1367.

5. Venue is proper in this Court pursuant to 28 U.S.C. § 1391, because the wage violations which gave rise to these claims primarily occurred in this District.

6. Plaintiff's claims are properly consolidated as a single action because their claims involve the same Defendants, arise from the same nexus of facts and circumstances, and involve nearly identical issues of fact and law.

NAIK1900053

## THE PARTIES

7. Plaintiff Mr. Naik was a "non-exempt employee" of Defendants within the meaning of the FLSA, NYLL, NYCRR, and all other applicable rules and regulations. At all times relevant to this action, Plaintiff Mr. Naik was employed by Defendants at its principal place of business located at 1845 Broadway, New York, NY 10023-7602.

8. Plaintiff Mr. Chand was a "non-exempt employee" of Defendants within the meaning of the FLSA, NYLL, NYCRR, and all other applicable rules and regulations. At all times relevant to this action, Plaintiff Mr. Chand was employed by Defendants at its principal place of business located at 1845 Broadway, New York, NY 10023-7602.

9. Plaintiff Mr. Newaz was a "non-exempt employee" of Defendants within the meaning of the FLSA, NYLL, NYCRR, and all other applicable rules and regulations. At all times relevant to this action, Plaintiff Mr. Newaz was employed by Defendants at its principal place of business located at 1845 Broadway, New York, NY 10023-7602.

10. Plaintiff Mr. Baten was a "non-exempt employee" of Defendants within the meaning of the FLSA, NYLL, NYCRR, and all other applicable rules and regulations. At all times relevant to this action, Plaintiff Mr. Baten was employed by Defendants at its principal place of business located at 1845 Broadway, New York, NY 10023-7602.

11. Plaintiff Mr. GouriShankar was a "non-exempt employee" of Defendants within the meaning of the FLSA, NYLL, NYCRR, and all other applicable rules and regulations. At all times relevant to this action, Plaintiff Mr. GouriShankar was employed by Defendants at its principal place of business located at 1845 Broadway, New York, NY 10023-7602.

12. Plaintiff Mr. Abbasi was a "non-exempt employee" of Defendants within the meaning of the FLSA, NYLL, NYCRR, and all other applicable rules and regulations. At all times

NAIK1900053

relevant to this action, Plaintiff Mr. Abbasi was employed by Defendants at its principal place of business located at 1845 Broadway, New York, NY 10023-7602.

13. Defendant Swagat Restaurant, Inc. d/b/a Sapphire Indian Cuisine, upon information and belief, is a business operating in and availing itself of the State of New York, with its principal place of business located at 1845 Broadway, New York, NY 10023-7602. At all relevant times, Defendant Swagat Restaurant, Inc. d/b/a Sapphire Indian Cuisine was an "employer" within the meaning of the FLSA, NYLL, NYCRR, and all other applicable rules and regulations.

14. Defendant Satis Chandra Aurora, at all relevant times, has been in control of Defendant Swagat Restaurant, Inc. d/b/a Sapphire Indian Cuisine and actively and directly participated in the unlawful conduct at issue. At all relevant times, Defendant Satis Chandra Aurora had the authority to make personnel decisions concerning Plaintiffs' work schedules, assignments, salaries, and other employment benefits. Defendant Satis Chandra Aurora also had authority to discipline, including the authority to terminate, Plaintiffs and other Swagat Restaurant, Inc. d/b/a Sapphire Indian Cuisine employees. Defendant Satis Chandra Aurora, based on the foregoing, is therefore personally liable under FLSA § 203(d) and the NYLL, having acted on behalf of employer and Defendant Swagat Restaurant, Inc. d/b/a Sapphire Indian Cuisine as an owner and officer.

15. Defendant Sandip Dashi, at all relevant times, has been in control of Defendant Swagat Restaurant, Inc. d/b/a Sapphire Indian Cuisine and actively and directly participated in the unlawful conduct at issue. At all relevant times, Defendant Sandip Dashi had the authority to make personnel decisions concerning Plaintiffs' work schedules, assignments, salaries, and other employment benefits. Defendant Sandip Dashi also had authority to discipline, including the authority to terminate, Plaintiffs and other Swagat Restaurant, Inc. d/b/a Sapphire Indian Cuisine

NAIK1900053

employees. Defendant Sandip Dashi, based on the foregoing, is therefore personally liable under FLSA § 203(d) and the NYLL, having acted on behalf of employer and Defendant Swagat Restaurant, Inc. d/b/a Sapphire Indian Cuisine as an owner and officer.

16. Does 1-50 are the other individuals who are and/or were in active control and management of the Company, regulated the employment of persons employed by the Company, including Plaintiffs. Upon information and belief, at regular times each year, Does physically visited the Company's work locations to evaluate the work of, determine compensation awards and adjustments for, and terminate the employment of employees such as Plaintiffs. Upon information and belief, at all relevant times, Does are "employers" within the meaning of the FLSA and NYLL. As soon as the Does true identities are learned, Plaintiffs will seek to add them as individual Defendants in their personal and corporate capacities through the appropriate motion in compliance with all local rules.

## COLLECTIVE ACTION ALLEGATIONS

17. Plaintiffs brings this action individually and on behalf of all other employees similarly situated, as authorized under 29 U.S.C. § 216(b). The employees similarly situated are:

> **FLSA Collective**: All persons who are or have been employed by Defendants as non-exempt employees, including but not limited to Restaurant / Front Staff and Kitchen Staff and/or other similar non-exempt jobs, at any location operated by Defendants from three (3) years prior to this action's filing date through the date of the final disposition of this action.

18. Defendants employed FLSA Collective members during the time period relevant to the FLSA Collective Action, and classified FLSA Collective members as non-exempt from the minimum wage and overtime requirements of the FLSA.

19. Defendants meet the definition of an "employer" under the FLSA. By way of examples only, Defendants control how much FLSA Collective members are paid, maintain time

5

records for FLSA Collective members, assigns and supervises all of the tasks given to FLSA Collective members, and maintains and exercises control as to how FLSA Collective members are to perform their tasks.

20.     Each FLSA Collective member is or was a non-exempt employee entitled to minimum wage for all hours worked up to 40 hours per workweek and all overtime premiums for all hours worked in excess of 40 hours per workweek.

21.     Defendants failed to pay FLSA Collective members minimum wage for all hours worked up to 40 hours per workweek and all overtime premiums for all hours worked in excess of 40 hours per workweek.

22.     Defendants' conduct, as set forth in this Complaint, was willful and in bad faith, and has caused significant damages to FLSA Collective members.

23.     Defendants are liable under the FLSA for failing to properly compensate FLSA Collective members and, as such, notice should be sent to FLSA Collective members.

24.     There are, upon information and belief, more than 20 similarly situated current and/or former employees of Defendants who were subject to the aforementioned policies in violation of the FLSA who would benefit from the issuance of a Court-supervised notice of the present lawsuit and the opportunity to join in the present lawsuit. Those similarly situated individuals are known to Defendants and are readily identifiable through Defendants' records.

## CLASS ACTION ALLEGATIONS

25.     Plaintiffs bring this action as a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure on behalf of the following defined class:

> **New York Class:** All persons who are or have been employed by Defendants as non-exempt employees in New York from six (6) years prior to this action's filing date through the date of the final disposition of this action.

NAIK1900053

26. At all times during the time period relevant to the New York Class, Defendants, as a matter of policy, did not pay Plaintiffs and the New York Class minimum wage for every hour worked up to 40 hours in a given workweek or the applicable overtime premium pay rate for all hours worked in excess of 40 hours per workweek, failed to pay spread of hours pay, and failed to furnish compliant and accurate wage notices and compliant and accurate wage statements as required by the NYLL.

27. The facts as alleged in the foregoing paragraphs with respect to the FLSA Collective Action are similarly true for the New York Class during the time period relevant to the New York Class.

28. Upon information and belief, Defendants failed to make, keep and/or preserve accurate records with respect to Plaintiffs and New York Class Members and failed to furnish to Plaintiffs and New York Class Members compliant and accurate wage notices and compliant and accurate wage statements, in violation of the NYLL and other New York State Department of Labor regulations.

29. Numerosity: The proposed New York Class is so numerous that joinder of all members is impracticable. Upon information and belief, during the relevant time period, Defendants employed in excess of 20 people who fall within the New York Class and thus satisfy the numerosity definition of the proposed New York Class.

30. Typicality: Plaintiffs claims are typical of the members of the proposed New York Class. During the New York Class period, Defendants subjected Plaintiffs and the New York Class members to the same policy and practice of failing to pay them minimum wage and overtime compensation as required by the NYLL and NYCRR, failing to pay them spread of hours pay,

7

NAIK1900053

made unlawful deductions from Plaintiffs' wages in violation of the NYLL, and failing to provide them complaint and accurate wage notices and compliant and accurate wage statements.

31. Superiority: A class action is superior to other available methods for the fair and efficient adjudication of the controversy.

32. Adequacy: Plaintiffs will fairly and adequately protect the interests of the proposed New York Class and has retained counsel experienced in FLSA and NYLL class and collective action litigation.

33. Commonality: Common questions of law and fact exist with respect to all members of the proposed New York Class that predominate over any questions solely affecting individual members of the proposed New York Class, including but not limited to:

    a. Whether Defendants violated the NYLL as alleged herein;

    b. Whether Defendants unlawfully failed to pay the applicable minimum wage to the members of the New York Class for every hour worked in any given workweek in violation of the NYLL;

    c. Whether Defendants unlawfully failed to pay appropriate overtime compensation to members of the New York Class for every overtime hour worked in any given workweek in violation of NYLL;

    d. Whether Defendants failed to provide the New York Class with spread of hours pay in violation of NYCRR;

    e. Whether Defendants made unlawful deductions from the New York Class' wages in violation of the NYLL;

    f. Whether Defendants failed to timely provide the New York Class with compliant and accurate wage notices in violation of NYLL;

NAIK1900053

g.  Whether Defendants failed to timely provide the New York Class with compliant and accurate wage statements in violation of NYLL;

h.  Whether Defendants employed Plaintiffs and the New York Class within the meaning of the NYLL and NYCRR;

i.  Whether Defendants should be enjoined from continuing the practices that violate the NYLL and NYCRR;

j.  The proper measure of damages sustained by the New York Class; and

k.  Whether Defendants' actions were "willful," as defined by NYLL.

34. This action is maintainable as a class action under Fed. R. Civ. P. 23(b)(1) and/or Fed. R. Civ. P. 23(b)(3) because prosecution of actions by or against individual members of the New York Class could result in inconsistent or varying adjudications and create the risk of incompatible standards of conduct for Defendants, adjudication of each individual member's claim as a separate action would be dispositive of the interests of other individuals not party to the action, impeding their ability to protect their interests, and common questions of law and fact to the New York Class predominate over any questions affecting only individual class members and a class action is superior to other available methods for the fair and efficient adjudication of this litigation.

35. Class certification is also appropriate under Fed. R. Civ. P. 23(b)(3) because questions of law and fact common to the New York Class predominate over any questions affecting only individual members, and because a class action is superior to other available methods for the fair and efficient adjudication of this litigation. Defendants' common and uniform policies and practices denied the New York Class the wages to which they are entitled. The damages suffered by the New York Class Members are small compared to the expense and burden of the individual prosecution of this litigation. In addition, class certification is superior because it will obviate the

NAIK1900053

need for unduly duplicative litigation that might result in inconsistent judgments of Defendants' practices.

36. Plaintiffs intend to send notice to all members of the New York Class to the extent required by Rule 23. The names, addresses, telephone numbers, and other necessary contact information of the New York Class members are available from Defendants' records.

## INDIVIDUAL FACTUAL ALLEGATIONS

37. As outlined above, Defendants employed Plaintiffs at their principal place of business, 1845 Broadway, New York, NY 10023-7602.

38. Restaurant / Front Staff Plaintiffs were / are primarily responsible for opening the restaurant, welcoming customers, seating customers, taking food orders, communicating food orders to the Kitchen Staff, serving food, customer transactions, tending the bar, cleaning the restaurant, and closing the restaurant.

39. Kitchen Staff Plaintiffs were / are primarily responsible for opening the Kitchen, preparing the Restaurant's food, transferring the Restaurant's food to the wait staff, cleaning the Kitchen, and all other Kitchen job duties and/or tasks.

40. Defendants' required their employees to work Five and One-Half days a week. The One-Half Day was due to the Defendants' half day Sunday hours. Plaintiffs each had a unique day which they were 'Off.'

41. Defendants required Plaintiffs who were assigned to the "Opening," shifts to work in excess of 40 hours per week. By way of example, a typical "Opening," work week schedule (for the purposes of example "Tuesday," is being used as the unique "One-Day-Off") is / was approximately:

    a.    Monday, from 10:30 AM to 9:30 PM; (i.e., 11 hours);

10

NAIK1900053

b. Tuesday, OFF;

c. Wednesday, from 10:30 AM to 9:30 PM; (i.e., 11 hours);

d. Thursday, from 10:30 AM to 9:30 PM; (i.e., 11 hours);

e. Friday, from 10:30 AM to 9:30 PM; (i.e., 11 hours);

f. Saturday, from 10:30 AM to 9:30 PM; (i.e., 11 hours); and

g. Sunday, from 4:00 PM to 10:30 PM; (i.e., 6.5 hours).

42. Defendants required Plaintiffs who were assigned to the "Closing," shifts to work in excess of 40 hours per week. By way of example, a typical "Opening," work week schedule (for the purposes of example "Tuesday," is being used as the unique "One-Day-Off") is / was approximately:

a. Monday, from 12:00 PM to 11:30 PM; (i.e., 11.5 hours);

b. Tuesday, OFF;

c. Wednesday, from 12:00 PM to 11:30 PM; (i.e., 11.5 hours);

d. Thursday, from 12:00 PM to 11:30 PM; (i.e., 11.5 hours);

e. Friday, from 12:00 PM to 11:30 PM; (i.e., 11.5 hours);

f. Saturday, from 12:00 PM to 11:30 PM; (i.e., 11.5 hours); and

g. Sunday, from 3:30 PM to 11:30 PM; (i.e., 8 hours).

43. Plaintiffs were often times required to work before and after an assigned shift started without the Defendants' recoding their time for the purposes of counting it towards their hours worked in any given workweek.

44. Plaintiffs were not paid for every hour worked and not paid the correct overtime compensation for every overtime hour worked during the above example week.

45. Plaintiffs were not paid spread of hours pay.

11

NAIK1900053

46. Plaintiffs were subjected to unlawful deductions from their wages.

47. Plaintiffs were not timely provided compliant and accurate wage notices.

48. Plaintiffs were not timely provided complaint and accurate wage statements.

49. At all times, Defendants conduct towards each and every Plaintiff was knowing, voluntary, willful, and malicious.

**FIRST CAUSE OF ACTION**
**(FLSA: Unpaid Minimum Wage)**

50. Plaintiffs allege and incorporate herein by reference all of the foregoing allegations in the preceding paragraphs.

51. As outlined above, during the relevant time period, Defendants' policies and practices violated the provisions of the FLSA regarding the payment of minimum wage to Plaintiffs and the members of the FLSA Collective by, among other things, failing to pay them the applicable minimum wage for all hours worked.

52. Accordingly, Plaintiffs and the members of the FLSA Collective are entitled to the difference between the wages paid (if any) by Defendants for every hour worked and the FLSA minimum wage, plus any applicable statutory penalties and/or liquidated damages, as damages for Defendants' violations of the FLSA's minimum wage provisions.

53. The foregoing conduct, as alleged, constitutes a willful violation of the FLSA, within the meaning of all relevant statuary sections, including but not limited 29 U.S.C §§ 216(b) and 255(a).

54. Plaintiffs and the members of the FLSA Collective seek recovery of their attorneys' fees and costs to be paid by Defendants, as provided by, *inter alia*, the FLSA, 29 U.S.C. § 216(b), and such other legal and equitable relief as the Court deems just and proper.

NAIK1900053

## SECOND CAUSE OF ACTION
### (FLSA: Failure to Pay Overtime Compensation)

55. Plaintiffs allege and incorporate herein by reference all of the foregoing allegations in the preceding paragraphs.

56. During the relevant time period, Plaintiffs and the members of the FLSA Collective worked in excess of 40 hours per workweek. Because of Defendants' above-outlined violations of the FLSA, Plaintiffs and the members of the FLSA Collective were not paid appropriate overtime compensation for every hour worked in excess of 40 hours in any given workweek.

57. Despite the hours worked by Plaintiffs and the members of the FLSA Collective, Defendants willfully, in bad faith, and in knowing violation of the FLSA, failed and/or refused to pay Plaintiffs and the members of the FLSA Collective all appropriate overtime compensation.

58. The foregoing conduct, as alleged, constitutes a willful violation of the FLSA, within the meaning of all relevant statuary sections, including but not limited 29 U.S.C §§ 216(b) and 255(a).

59. Accordingly, Plaintiffs and the members of the FLSA Collective are entitled to the difference between the wages paid (if any) by Defendants and the applicable overtime rate of pay, plus any applicable statutory penalties and/or liquidated damages, as damages for Defendants' violations of the FLSA's overtime provisions.

60. Plaintiffs and the members of the FLSA Collective seek recovery of their attorneys' fees and costs to be paid by Defendants, as provided by, *inter alia*, the FLSA, 29 U.S.C. § 216(b), and such other legal and equitable relief as the Court deems just and proper.

NAIK1900053

## THIRD CAUSE OF ACTION
### (NYLL & NYCRR: Unpaid Minimum Wage)

61. Plaintiffs allege and incorporate herein by reference all of the foregoing allegations in the preceding paragraphs.

62. As outlined above, Defendants' pay practices failed to pay Plaintiffs and the members of the New York Class the applicable New York State minimum wage for every hour worked as required by the NYLL and the NYCRR.

63. Accordingly, Plaintiffs and the members of the New York Class are entitled to the difference between the applicable New York State minimum wage and the wages (if any) paid by Defendants, plus any applicable statutory penalties and/or liquidated damages, as damages for Defendants' violations of, *inter alia*, the NYLL and the NYCRR.

64. The foregoing conduct, as alleged, constitutes a willful violation of the NYLL without a good faith basis within the meaning of, *inter alia*, NYLL § 198, and as a result Plaintiffs and the members of the New York Class are entitled to the applicable statutory penalties and/or liquidated damages and such other legal and equitable relief as the Court deems just and proper.

65. Plaintiffs and the members of the New York Class also seek to have their reasonable attorneys' fees and costs paid by Defendants, as provided for by the NYLL and NYCRR.

## FOURTH CAUSE OF ACTION
### (NYLL & NYCRR: Failure to Pay Overtime Compensation)

66. Plaintiffs allege and incorporate herein by reference all of the foregoing allegations in the preceding paragraphs.

67. During the relevant time period, Plaintiffs and the members of the New York Class regularly worked in excess of 40 hours per workweek. Because of Defendants' above-outlined

14

NAIK1900053

violations of the NYLL, Plaintiffs and the members of the New York Class were not paid all appropriate overtime compensation.

68. Despite the hours worked by Plaintiffs and the members of the New York Class, Defendants willfully, in bad faith, and in knowing violation of the NYLL and NYCRR, failed and/or refused to pay them all appropriate overtime compensation.

69. The foregoing conduct, as alleged, constitutes a willful violation of the NYLL without a good faith basis within the meaning of NYLL § 198, and as a result Plaintiffs and the members of the New York Class are entitled to the unpaid overtime compensation, applicable statutory penalties and/or liquidated damages and such other legal and equitable relief as the Court deems just and proper.

70. Plaintiffs and the members of the New York Class also seek to have their reasonable attorneys' fees and costs paid by Defendants, as provided by the NYLL.

**FIFTH CAUSE OF ACTION**
**(12 NYCRR § 142-2.4: Spread of Hours Pay)**

71. Plaintiffs allege and incorporate herein by reference all of the foregoing allegations in the preceding paragraphs.

72. At all relevant times, all Defendants were "employers" as defined by 12 NYCRR § 142 *et seq*.

73. At all relevant times, Plaintiffs and the members of the New York Class are or were "employees" as defined by 12 NYCRR § 142 *et seq*.

74. At all relevant times, Plaintiffs and the members of the New York Class are not, or were not, exempt from the provisions of 12 NYCRR § 142 *et seq*.

NAIK1900053

75. Defendants failed to compensate Plaintiffs and the New York Class the legally mandated spread of hours pay for days in which they worked in excess of ten (10) hours or days in which they worked applicable split shifts.

76. Defendants' practice of failing to pay "spread of hours" pay was willful and in knowing violation of the NYLL and NYRCRR

77. Defendants' practice of failing to pay "spread of hours" pay lasted for the duration of all relevant time periods.

78. Defendants' practices, as alleged herein, are in violation of 12 NYCRR § 142-2.4, as well as the NYLL, and Plaintiffs and the New York Class are entitled to recover the unpaid wages and penalties and all other remedies available under all applicable statutes and/or rules or regulations.

79. Plaintiffs and the members of the New York Class also seek to have their reasonable attorneys' fees and costs paid by Defendants, as provided by the NYLL.

**SIXTH CAUSE OF ACTION**
**(NYLL: Unlawful Deductions)**

80. Plaintiffs allege and incorporate herein by reference all of the foregoing allegations in the preceding paragraphs.

81. During the relevant time period, as set forth above, Defendants unlawfully deducted portions of Plaintiffs' earned wages for purposes that were not for Plaintiffs' benefit and were outside the enumerated categories of permissible deductions from employee wages under NYLL § 193.

82. The foregoing conduct, as alleged, constitutes a willful violation of the NYLL without a good faith basis within the meaning of NYLL § 198, and as a result Plaintiffs and the

NAIK1900053

members of the New York Class are entitled to liquidated damages and such other legal and equitable relief as the Court deems just and proper.

83. Plaintiffs and the members of the New York Class also seek to have their reasonable attorneys' fees and costs paid by Defendant, as provided by the NYLL.

## SEVENTH CAUSE OF ACTION
### (NYLL: Failure to Furnish Wage Notices)

84. Plaintiffs allege and incorporate herein by reference all of the foregoing allegations in the preceding paragraphs.

85. During the relevant time period, Defendants failed to furnish Plaintiffs and the members of the New York Class with accurate wage notices that specifically enumerated certain criteria, as required by NYLL § 195(1).

86. Defendants' violation of the NYLL was willful and, as a result, Defendants are liable to Plaintiffs and the members of the New York Class for the applicable statutory penalty and/or liquidated damage applicable at the time the violation occurred, which may be $50 per day per violation up to a maximum of $5,000 per class member.

87. In addition to statutory penalties, Plaintiffs and the members of the New York Class are entitled to recover from Defendants' their costs and reasonable attorneys' fees, pre-judgment and post-judgment interest, and all other remedies this Court deems just and proper.

## EIGHT CAUSE OF ACTION
### (NYLL: Failure to Furnish Wage Statements)

88. Plaintiffs allege and incorporate herein by reference all of the foregoing allegations in the preceding paragraphs.

17

NAIK1900053

89. During the relevant time period, Defendants failed to furnish Plaintiffs and the members of the New York Class with accurate wage statements that specifically enumerated certain criteria, as required by NYLL § 195(3).

90. Defendants' violation of the NYLL was willful and, as a result, Defendants are liable to Plaintiffs and the members of the New York Class for the applicable statutory penalty and/or liquidated damage applicable at the time the violation occurred, which may be $250 per violation up to a maximum of $5,000 per class member.

91. In addition to statutory penalties, Plaintiffs and the members of the New York Class are entitled to recover from Defendants' their costs and reasonable attorneys' fees, pre-judgment and post-judgment interest, and all other remedies this Court deems just and proper.

**PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiffs, on behalf of themselves, and all the members of the FLSA Collective Action and the New York Class, pray for the following relief:

A. Preliminary and permanent injunctions against Defendants and its officers, members, owners, directors, agents, successors, employees, representatives, and any and all persons acting in concert with them, from engaging in each of the unlawful practices, policies, customs, and usages set forth herein;

B. A judgment declaring that the practices complained of herein are unlawful and in violation of the FLSA, NYLL, and NYCRR;

C. That the Court determines that this action may proceed as a collective action pursuant to 29 U.S.C. § 216(b);

D. That the Court determines that this action may proceed as a class action pursuant to Fed. R. Civ. P. 23;

NAIK1900053

E. An award to Plaintiffs for all damages which Plaintiffs have sustained as a result of Defendant's conduct, including back pay, front pay, general and special damages for lost compensation and job benefits they would have received but for improper practices;

F. An award to Plaintiffs of the amount of unpaid wages and unpaid premium pay, including interest thereon, and penalties;

G. An award to Plaintiffs of all applicable statutory damages and/or liquidated damages to which they are entitled;

H. An award to Plaintiffs of exemplary and punitive damages in an amount commensurate with Defendant's ability and so as to deter future malicious, reckless, and/or intentional conduct where appropriate;

I. An award to Plaintiffs for costs and disbursements incurred in connection with this action, including reasonable attorneys' fees and expert witness fees;

J. An award to Plaintiffs of pre-judgment and post-judgment interest, as provided by law; and

K. Any other and further relief as this Court finds necessary and proper.

## DEMAND FOR TRIAL BY JURY

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiffs demand a trial by jury as to all issues so triable.

Dated: May 30, 2019

    New York, New York                   Respectfully submitted,

                                              THE OTTINGER FIRM, P.C.

                                              By: _____/s/_____
                                                   Benjamin D. Weisenberg, Esq.

NAIK1900053

450 Lexington Ave., 4th Floor
New York, New York 10017
Telephone: (917) 747-5303
Fax: (212) 571-0505
benjamin@ottingerlaw.com

*COUNSEL FOR PLAINTIFFS AND THE
PROPOSED COLLECTIVE AND CLASS*

NAIK1900053