# EXHIBIT 1

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| Kishore Naik, Harish Chand, Mohamed K. Newaz, Abdul Baten Rocky, B. Gourishankar, Mohammad M. Abbasi, individually and on behalf of all others similarly-situated,<br><br>Plaintiffs,<br><br>v.<br><br>Swagat Restaurant, Inc. d/b/a Sapphire Indian Cuisine, Satis Chandra Aurora, in his official and individual capacity, Sandip Dashi, in his official and individual capacity, and Does 1-50,<br><br>Defendants. | **Civil Action No. 1:19-cv-05025-JMF**<br><br>[Proposed] Class Action and Collective Settlement Agreement |

## SETTLEMENT AGREEMENT AND RELEASE

This [Proposed] Class Action and Collective Action Settlement Agreement (the "Agreement") is made and entered into, by and among Plaintiffs Kishore Naik, Mohamed K. Newaz, Abdul Baten Rocky, B. Gourishankar, Mohammad M. Abbasi ("Named Plaintiffs"), on behalf of themselves and the members of a collective and class (collectively, "Plaintiffs" or "Class Members") and Swagat Restaurant, Inc. d/b/a Sapphire Indian Cuisine, Satish Arora, improperly pled as Satis Chandra Aurora, and Sandip Desai, improperly pled as Sandip Dashi, in their official and individual capacity, (collectively, "Defendants"). The Named Plaintiffs represent the NYLL Class and FLSA Collective for purposes of this Settlement Agreement.

## RECITALS

WHEREAS, on or about May 30, 2019, the Named Plaintiffs filed this lawsuit captioned

*Kishore Naik, Harish Chand, Mohamed K. Newaz, Abdul Baten Rocky, B. Gourishankar,*

*Mohammad M. Abbasi, individually and on behalf of all others similarly situated, v. Swagat*

*Restaurant, Inc. d/b/a Sapphire Indian Cuisine, Satis Chandra Aurora, in his official and individual capacity, Sandip Dashi, in his official and individual capacity, and Does 1-50, inclusive*, in Civil Action No. 1:19-cv-5025-JMF, in the United States District Court for the Southern District of New York (the "Action"); and

WHEREAS, Defendants filed an Answer to the Complaint, denying the material allegations and raising several defenses; and

WHEREAS, in the Action, the Plaintiffs have asserted a number of federal law and state law claims against the Defendants, including: (1) minimum wage violations under the Fair Labor Standards Act, 29 U.S.C. §201, *et seq.* ("FLSA"); (2) minimum wage violations under the New York Labor Law ("Labor Law" or "NYLL") § 650 *et seq.*; (3) the overtime requirements under the FLSA; (4) the overtime requirements under NYLL § 650 *et seq.*; (5) the spread of hours and/or split shift requirement under New York State Regulation 12 NYCRR § 146-1.6 ("NYCRR"); (6) unlawful deductions pursuant to NYLL §193; and (7) the wage statement and notice requirements of NYLL § 195; and

WHEREAS, the parties were able to negotiate a settlement in principle, subject to the negotiation of a more complete settlement agreement; and

WHEREAS, Defendants have denied any wrongdoing towards any of the Plaintiffs or Class Members, including with respect to the claims asserted in the Action, have denied that the claims asserted by the Plaintiffs are suitable for collective and/or class treatment other than for settlement purposes, deny that they have any liability whatsoever, but have agreed to this Settlement Agreement solely because of the substantial expense of litigation, the length of time necessary to resolve the issues presented, the inconvenience involved, and the disruption to its business operations; and

Doc ID: ed5da7c2c42fde42c094988608d01d8904fa760b

WHEREAS, The Ottinger Firm, P.C. ("Plaintiffs' Counsel" or "Class Counsel"), is aware that Defendants have raised defenses to Plaintiffs' allegations and causes of action on which they might prevail, including the defense that no collective and/or class may be certified and, if Defendants were to prevail on their defenses, Plaintiffs might not receive any benefit or consideration for the claims that have been asserted in the Action; and

WHEREAS, based on its analysis and evaluation of a number of factors, Class Counsel recognized the substantial risks of continued litigation and delays, including the likelihood that the claims in the Action, if not settled now, might not result in any recovery whatsoever for Plaintiffs or the collective and class; and

WHEREAS, Class Counsel has conducted an extensive and thorough study and investigation of the law and facts relating to the claims that were asserted and that could have been asserted in the Action, as well as an extensive and thorough study and investigation of the scope and identity of the collective and class, and has concluded, taking into account the benefits of this Settlement Agreement and the risks and delays of further litigation, that this Settlement Agreement is fair and reasonable and in the best interests of the Plaintiffs; and

WHEREAS, subject to the approval of the Court, the parties wish to terminate the Action and effect a compromise (the "Settlement");

NOW, THEREFORE, IT IS HEREBY STIPULATED AND AGREED by and among the undersigned parties that the claims asserted in the Action shall be settled and released, subject to the approval of the Court, upon and subject to the following terms and conditions:

## I.    THE SETTLEMENT COLLECTIVE AND CLASS AND ADMINISTRATION.

1.    There shall be one "Settlement Class" or "NYLL Class" that includes all non-exempt employees of Defendants employed at any time from May 30, 2013, up to the date of filing

Doc ID: ed5da7c2c42fde42c094988608d01d8904fa760b

the preliminary approval motion in this action.  A "Class Member" shall refer to a member of the "Settlement Class" or "NYLL Class."

2.      There shall be one "FLSA Collective" that includes all non-exempt employees of Defendants employed at any time from May 30, 2016, up to the date of filing the preliminary approval motion in this action who timely file consent to join forms or timely submit Claim Forms in this action up to the date of filing the preliminary approval motion in this action.  An "FLSA Collective Member" shall refer to a member of the FLSA Collective.

3.      The "Participating Settlement Class" shall include all Named Plaintiffs and all Class Members who timely submit a Claim Form (attached hereto as Exhibit B).  A "Participating Settlement Class Member" or "Participating Class Member" shall refer to a member of the "Participating Settlement Class."

4.      Composition of the Settlement Class and the FLSA Collective shall be based exclusively upon Defendants' records.

5.      The "Settlement Administrator," in this Action is JND Legal Administration.  The parties agree that the Settlement Administrator shall be an independent contractor and not the agent of any party or any party's counsel.   The fees and expenses charged by the Settlement Administrator will be paid out of the Gross Settlement Fund.

## II.      THE PRELIMINARY APPROVAL ORDER

6.      As soon as practicable after the execution of this Settlement Agreement, the parties shall present this Settlement Agreement to the Court.  Plaintiffs will request, by an unopposed preliminary approval motion, that the Court enter a preliminary approval order, which shall accomplish the following:

Doc ID: ed5da7c2c42fde42c094988608d01d8904fa760b

a.  Find that the requirements of Federal Rule of Civil Procedure 23, 29 U.S.C. §
    216(b) and any other requirements for certification of the NYLL Class and
    FLSA Collective have been satisfied, and that both the NYLL Class and the
    FLSA Collective shall be certified;

b.  Provide that the Settlement's terms shall apply to the Plaintiffs (*i.e.*, the NYLL
    Class and the FLSA Collective) and the Defendants;

c.  Preliminarily approve the Agreement as fair, reasonable, and adequate;

d.  Find that the notice procedure set forth in the Agreement satisfies the
    requirements of due process and applicable law and procedure;

e.  Apprise Plaintiffs of their right to "Opt-out," or object to the Settlement;

f.  Set the time period for submitting a completed Claim Form, Opting-out, or
    filing objections, such date to be no more than sixty (60) days after the date of
    mailing the Notice Packet, defined below, to members of the Settlement Class;

g.  Set a date for the hearing at which the Court will finally determine the fairness,
    reasonableness, and adequacy of the proposed Settlement (the "Final Fairness
    Hearing"), such date to be not more than thirty (30) days after the deadline for
    Class Members to timely submit completed Claim Forms, Opt-out, or file
    objections, or as soon as thereafter permitted by the Court;

h.  Appoint Named Plaintiffs Mr. Kishore Naik, Harish Chand, Mohamed K.
    Newaz, Abdul Baten Rocky, B. Gourishankar, Mohammad M. Abbasi as the
    Class Representatives for the Settlement Class; and

i.  Appoint The Ottinger Firm, P.C., including Robert Ottinger, Finn Dusenbery,
    and Ben Weisenberg, as class counsel to the Settlement Class.

Doc ID: ed5da7c2c42fde42c094988608d01d8904fa760b

7.     In the event the Court disapproves or sets aside this Agreement, or any material part hereof, for any reason, then the parties will either jointly agree to accept the Agreement as judicially modified or engage in good faith negotiations in an effort to jointly agree to modify the Agreement for resubmission to the Court for approval.  If such negotiations prove unsuccessful, then any party may declare this Agreement null and void, and the Action will proceed, and the parties will seek a new scheduling order from the Court.  Such declaration shall only be made following fourteen (14) days' notice by such party to the other party of its intention to declare the Agreement null and void.  The parties may agree by stipulation executed by counsel to modifications to this Agreement or the Exhibits hereto to effectuate the purposes of this Agreement and/or to conform to guidance from the Court with regard to the contents of this Agreement or the Exhibits hereto without need for further amendments of this Agreement.  Any such stipulation shall be filed with the Court.

## III.    NOTICE

8.     The Class Action Notice (attached hereto as Exhibit A) and Claim Form (attached hereto as Exhibit B) (collectively, the "Notice Packet"), shall apprise the Settlement Class of the existence of the Agreement.  The Notice Packet shall include the deadline for postmarking the Claim Form and shall:

     a.   Inform recipients that they are a member of the Settlement Class;

     b.   Inform recipients that any persons who seek to exclude themselves or "Opt-out" from the settlement must do so in writing, sent by first class mail, by a date specified by the Court, but no more than sixty (60) days after the date of mailing of the Notice Packet;

Doc ID: ed5da7c2c42fde42c094988608d01d8904fa760b

c.  Inform recipients that if they do not opt out of the settlement, they will be bound by the terms of the Settlement;

d.  Inform recipients that they must submit a Claim Form to participate in the settlement;

e.  Inform Plaintiffs of the deadline by which Claim Forms must be postmarked or submitted online, such date to be determined by the Court, but no more than sixty (60) days after the mailing of the Notice Packet;

f.  Inform recipients of the material terms of the Settlement Agreement;

g.  Inform recipients of their right to object to the proposed Settlement, and that any objection to the proposed Settlement must be filed with the Court (via the Clerk of the Southern District of New York, Thurgood Marshall U.S. Courthouse, 40 Centre St, New York NY 10007) and served upon all counsel of record by first class mail by a date specified by the Court, but no more than sixty (60) days after the date of mailing of the Notice Packet;

h.  Inform Plaintiffs that a Final Fairness Hearing to determine the fairness, reasonableness, and adequacy of the proposed Settlement will be held on a date fixed by the Court not more than thirty (30) days after the deadline for Class Members to timely submit completed Claims Forms, opt-out, or file objections and provide the date, time, and location of the Final Fairness Hearing, or as soon thereafter as permitted by the Court; and

i.  Inform Plaintiffs that the Court retains the right to reschedule the Final Fairness Hearing without further notice.

Doc ID: ed5da7c2c42fde42c094988608d01d8904fa760b

9.     Within fourteen (14) days of the entry of the Preliminary Approval Order, Defendants will obtain from its records and provide to the Settlement Administrator and Class Counsel the last known mailing address and the last four digits of the Social Security number that it possesses for each Class Member, the current or last position held by each Class Member, the start and end dates of each Class Member, and the total number of weeks worked by each such Class Member.  All such addresses will be run through the National Change of Address ("NCOA") database by the Settlement Administrator to update them before the Notice Packet is sent.  Within thirty (30) days of entry of the Preliminary Approval Order described above, the Settlement Administrator shall mail the Notice Packet by first class mail to each Class Member identified by Defendants.  The date of the postmark deadline for filing a claim, opting out, or filing an objection shall be printed in the Notice Packet.  For any Notice returned as undeliverable, the Claims Administrator will (1) take all reasonable steps to obtain a correct address, (2) attempt a skip trace using the computer databases available and the information provided by Defendants, and (3) attempt one re-mailing.  After 30 days, the Settlement Administrator shall mail out a reminder postcard notice to all Class Members who have not yet submitted claim forms (attached hereto as Exhibit C).  Once the reminder notice is mailed to Plaintiffs, no further notice, whether by mail, publication, or otherwise, shall be required, except that (1) for any notice returned by the U.S. Postal Services with a forwarding address, the Settlement Administrator shall mail the notice to the forwarding address; and (2) if a Class Member contacts the Settlement Administrator or Class Counsel to request notice, the Settlement Administrator shall comply with such a request so long as the identity of the requesting party matches Defendants' records of Class Members.

Doc ID: ed5da7c2c42fde42c094988608d01d8904fa760b

IV.    OPT-OUT AND CLAIMS PROCEDURES

10.    Any Class Member shall have the right to be excluded (*i.e.*, to "Opt-out") from the Settlement Class.  On or before the Opt-out deadline established by the Court (but no more than sixty (60) days after the mailing date of the Notice Packet), each Class Member electing to Opt-out of the Settlement Class must send written notice, by first-class mail addressed to the Settlement Administrator, indicating his or her name and address, and that he or she desired to be excluded from the Settlement Class.  Class Members who do not timely (as measured by the postmark on such Class Member's written notice) opt-out of the settlement by written notice correctly directed and containing the requisite information shall remain members of the Settlement Class and shall be bound by any order(s) of the Court regarding the settlement, and/or the Agreement.  The Settlement Administrator shall provide copies of any opt-out notices to Class Counsel and Defendants' counsel within a reasonable time after receipt of the same by the Settlement Administrator, but no later than fourteen (14) days prior to the Final Fairness Hearing (unless received by the Settlement Administrator after such time, in which event the Settlement Administrator shall immediately forward copies of same to Class Counsel and Defendants' Counsel).

11.    Each Class Member who wishes to file a claim for payment under the Agreement's terms as a Participating Class Member must complete and submit to the Settlement Administrator a completed Claim Form containing the following information:

a.    Current name, former name (if different during employment with Defendants), address, telephone number, e-mail address (if applicable), and Social Security Number or ITIN;

Doc ID: ed5da7c2c42fde42c094988608d01d8904fa760b

b. Certification under penalty of perjury that all information on the Claim Form is true and correct; and

c. If an incomplete Claim Form is submitted, the Settlement Administrator may contact the person submitting the Claim Form to ensure, if appropriate, that they may participate in the Settlement.

12. Class Members who do not timely submit a properly completed Claim Form will not be entitled to payment under the Agreement.

13. Completed Claim Forms must be postmarked no later than sixty (60) days after the initial mailing of the Notice Packet, or for Claim Forms bearing a missing or illegible postmark, must be received by the Settlement Administrator no later than seven (7) days after such date. Any Class Member who fails to postmark a completed Claim Form by such date, or for whom a Claim Form bearing a missing or illegible postmark is not received by the Settlement Administrator within seven (7) days following such date, shall not receive a settlement payment under this Agreement, but will in all other aspects be bound by the terms of the Agreement, including with respect to the release, waivers, and covenants described herein, so long as that Class Member has not also "Opt-ed," out of the Settlement Class. The Named Plaintiffs and all other Plaintiffs for whom Opt-in notices (a.k.a., Consent to Join Forms) have been filed through the Court's ECF filing system shall be deemed to have already submitted a Claim Form and do not need to submit a Claim Form.

14. The Settlement Administrator shall review all complete and timely submitted Claim Forms to determine whether the claims on such Claim Forms qualify for inclusion in the Settlement and to determine the amount of payment to be disbursed pursuant to the Settlement to each Class Member submitting a timely Claim form. If a Claim Form is deficient (for example, if it is

Doc ID: ed5da7c2c42fde42c094988608d01d8904fa760b

incomplete or inaccurate), the Settlement Administrator shall mail the Participating Class Member submitting a deficient Claim Form a notice of deficient claim, and such Participating Class Member shall have fourteen (14) days from the postmark date of such mailing to cure such deficiency by mailing to the Settlement Administrator a complete and correct Claim Form.  In the event a Participating Class Member's 14-day deficiency cure period extends past the deadline to file a completed Claim Form, a Participating Class Member will be permitted to submit his or her completed Claim Form after the deadline, provided it is within 14 days from the postmark of the notice of deficiency.

15.     The parties agree to negotiate in good faith to resolve any dispute by a Participating Class Member concerning the relief to which that person is entitled under this Agreement ("Dispute").  A Dispute shall be initiated by serving a written notice on Class Counsel (unless the Dispute is initiated on the member's behalf by Class Counsel) and Defendants' Counsel within thirty (30) days of the action and/or inaction giving rise to the Dispute ("Notice of Dispute").  The Notice of Dispute shall include such Participating Class Member's name, address, telephone number and a detailed description of the dispute.  Any Dispute that the parties cannot resolve between themselves may be submitted to the Court, which will retain jurisdiction to resolve any such Dispute.

## V.     FINAL FAIRNESS HEARING AND FINAL JUDGMENT AND ORDER

16.     The parties agree to petition the Court to hold a Final Fairness Hearing and for the Court to enter an order finally approving the Settlement ("Final Judgment and Order").

17.     Pursuant to 28 U.S.C. § 1715(d), the parties agree that the Final Fairness Hearing shall not be held, and no Final Judgment and Order shall issue, prior to ninety (90) days after completion by Defendants of the notice requirement in 28 U.S.C. § 1715.  The parties further agree

Doc ID: ed5da7c2c42fde42c094988608d01d8904fa760b

that, subject to the Court's schedule, such Final Fairness Hearing will be held within thirty (30) days after the deadline for Class Members to timely submit Claim Forms, or as soon thereafter as permitted by the Court.

18.   Class Members will submit an unopposed motion for final approval seven (7) days prior to the date set by the Court for the Final Fairness Hearing.

19.   The parties intend to seek a Final Judgment and Order that shall:

a.   Approve the Agreement without modification (except insofar as agreed upon by the parties) as fair, reasonable and adequate to the NYLL Class and FLSA Collective, and direct its consummation according to its terms;

b.   Find that the form and manner of class notice implemented pursuant to this Settlement Agreement (i) constitutes reasonable and the best practicable notice; (ii) constitutes notice that is reasonably calculated, under the circumstances, to apprise Class Members of the pendency of the Action, the terms of the proposed Settlement, the right to object or exclude themselves from the Settlement, and the right to appear at the Final Fairness Hearing; (iii) constitute due, adequate and sufficient notice to all persons entitled to receive notice; and (iv) meets the requirements of state and federal due process, the Federal Rules of Civil Procedure, and any other applicable state and/or federal laws;

c.   Find that all Class Members, except those who have properly excluded themselves, shall be bound by the Settlement Agreement's terms;

d.   Direct that the judgment be entered immediately dismissing with prejudice all individual, class, and collective claims asserted in the Action and ruling that no

Doc ID: ed5da7c2c42fde42c094988608d01d8904fa760b

costs or fees will be assessed on either party other than those expressly provided for in this Agreement;

e. Approve payment of the benefits to the Settlement Class and the service awards to the Plaintiffs identified in the Agreement, and make any necessary findings with regard to those approvals;

f. Award Class Counsel's requested attorneys' fees and the reimbursement of litigation costs, and make any necessary finding with regard to such award; and

g. Retain jurisdiction of all matters relating to the interpretation, administration, implementation, and enforcement of this Agreement and the Settlement.

20.     This Agreement shall become effective and be deemed final upon the expiration of thirty (30) days after the Final Judgment and Order, if no attempt to re-open the judgment, or request to extend the time to seek an appeal is made; or, if an attempt to re-open the judgment has been made or an appeal has been sought, the expiration of the last of (i) the final disposition of any such appeal and (ii) any further proceedings in the trial court or on subsequent appeal, which has the ultimate disposition of approving the Court's Final Judgment and Order ("Effective Date").

21.     Any objection to the Settlement or petition to intervene in the Action must be in writing, and must include: (1) evidence that the objector or intervenor is a member of the Settlement Class as defined above; (2) a notice of intent to appear at the Final Fairness Hearing; (3) a statement of the objection(s) being asserted; (4) a detailed description of the facts and legal authorities underlying each objection; (5) a list of any witnesses who may be called to testify at the Final Fairness Hearing, whether in person, by deposition, or affidavit (subject to the Federal Rules of Evidence); and (6) a list of any exhibits, any copies of same, which the objector may offer at the Final Fairness Hearing.  Such objection must be filed with the Court (via the Clerk of the

13

Doc ID: ed5da7c2c42fde42c094988608d01d8904fa760b

United States District Court, Southern District of New York, Thurgood Marshall U.S. Courthouse, 40 Foley Square, New York NY 10007) and served upon all counsel of record by first class mail by a date specified by the Court, but no more than sixty (60) days after the date of mailing of the Notice Packet.

22.     No Class Member shall be entitled to contest in any way the approval of the terms and conditions of this Agreement or the Final Judgment and Order except by filing and serving written objections in accordance with the provisions of this Settlement Agreement.  Any Class Member who fails to object in the manner prescribed, shall be deemed to have waived, and shall be foreclosed forever from raising, objections to the Settlement.  Any Class Member who fails to opt out of the Settlement Class in accordance with this Settlement Agreement shall be bound by the terms of this Settlement.

## VI.     THE SETTLEMENT FUND

23.     The Gross Settlement Fund is One Million Eight Hundred Thousand Dollars ($1,800,000).  Within seven (7) days of executing this Agreement, Defendant Sandip Dashi or "Sandip Desai" will deposit One Million Dollars ($1,000,000) into the Settlement Administrator's escrow account.  Thirty days after the Effective Date, Defendant Sandip Dashi or "Sandip Desai" shall deposit with the Settlement Administrator Eight Hundred Thousand Dollars ($800,000) and any other amounts necessary to fund the settlement, including, but not limited to, any FICA taxes that must be paid as a result of a portion of the Settlement Payments constituting payment of wages. For the purposes of clarity, Defendants are responsible, separate and apart from the Gross Settlement Fund, for any payroll taxes they may owe as a result of entering into this Settlement Agreement, including but not limited to, any FICA taxes that must be paid as a result of a portion of the Settlement Payments constituting payment of wages.

Doc ID: ed5da7c2c42fde42c094988608d01d8904fa760b

24.     The Gross Settlement Fund shall be distributed by the Settlement Administrator as follows (subject to Court approval):

  a.  The "Settlement Payments," as defined herein, to the Class Members.

  b.  The fees and costs of the Settlement Administrator;

  c.  Attorneys' fees in the amount of Six Hundred Thousand Dollars ($600,000) (*i.e.*, one-third of the Gross Settlement Fund), plus reimbursement of litigation costs to Plaintiffs' Counsel, The Ottinger Firm, P.C.,;

  d.  A service award of $15,000 to Named Plaintiff, Kishore Naik;

  e.  A service award of $15,000 to Named Plaintiff, Harish Chand;

  f.  A service award of $15,000 to Named Plaintiff, Mohamed K. Newaz;

  g.  A service award of $15,000 to Named Plaintiff, Abdul Baten Rocky;

  h.  A service award of $15,000 to Named Plaintiff, B. Gourishankar;

  i.  A service award of $15,000 to Named Plaintiff, Mohammad M. Abbasi;

25.     The Settlement Payments shall be paid out of the "Net Settlement Fund," (*i.e.*, $1,800,000 less the items identified in Paragraph 25 (b-i) of this Agreement).

26.     Participating Class Members shall receive an individual Settlement Payment (the "Settlement Payment").  Participating Class Members shall have 120 calendar days after the mailing of the Settlement Payment checks to cash their Settlement Payment check.  In the event a Participating Class Member does not cash his or her Settlement Payment check within this 120-day period, their check shall be void and a stop payment will be issued.  Notwithstanding a Participating Class Member's failure to cash their Settlement Payment check, the affected Participating Class Member shall be deemed to have irrevocably waived any right in or claim to their Settlement Class Payment **and** the terms of the Agreement, including any releases, will

Doc ID: ed5da7c2c42fde42c094988608d01d8904fa760b

remain binding upon them.  Each check shall bear a notice on the reverse, above the signature, stating, "Waiver and Release of all FLSA and NYLL claims."

27.     The amount(s) of each individual Class Member's Settlement Payment shall be calculated pro rata based on the number of weeks that the Class Member worked in proportion to the total number of weeks worked by all Class Members.

28.     At the close of the 120-day period described above in Paragraph 26, the Settlement Administrator shall determine the total amount of the Net Settlement Fund that remains outstanding and unpaid (the "Remaining Net Settlement Fund Amount").  The Settlement Administrator shall seek and secure confirmation from both Class Counsel and the Defendants' counsel that their accounting of the Remaining Net Settlement Fund Amount is true and correct.

29.     Regardless of the number of Claims Forms submitted, Defendants shall pay at least 70% of the Net Settlement Fund to Participating Class Members, and the Remaining Net Settlement Fund Amount shall be re-distributed to Participating Class Members pro rata, based on weeks worked, in proportion to the total number of weeks worked by all Participating Class Members, up to 70% of the Net Settlement Fund ("Re-distribution Settlement Payments").  Participating Class Members shall have 120 days to cash their Re-distribution Payments.  After the later of (1) 120 days to cash the Settlement Payment checks or 50 days after the last re-issued Settlement Payment check; or (2) 120 days to cash the Re-distribution Settlement Payments or 50 days after the last re-issued Re-distribution Settlement Payment is issued, the remaining value of any and all uncashed or unclaimed Settlement Payment checks shall revert to Defendants.

30.     It is expressly understood and agreed between the parties that the Settlement Fund distribution terms as set forth constitute material and essential terms of this Agreement.

Doc ID: ed5da7c2c42fde42c094988608d01d8904fa760b

## VII.   PAYMENT AND DISTRIBUTION

31.     All Settlement Payments to Participating Class Members and service awards pursuant to this Settlement Agreement shall be made by the Settlement Administrator by check and delivered by first class mail, postmarked within fourteen (14) days after the Effective Date, to each Participating Class Member determined by the Settlement Administrator to have timely submitted a properly completed Claim Form and to be otherwise eligible for payment, to the address designated for such Participating Class Member by the Settlement Administrator.  Further, all payments for attorneys' fees and costs shall be made within fourteen (14) days after the Effective Date.  Within thirty (30) days of calculating the Remaining Net Settlement Fund Amount, the Settlement Administrator shall make Re-distribution Settlement Payments to Participating Class Members.

32.     The Settlement Administrator shall report the wage portions of the Settlement Payments on an IRS Form W-2 and the non-wage portions of the Settlement Payments on an IRS Form 1099.  The wage portions of the Settlement Payments shall be subject to any adjustments, deductions or withholdings for applicable taxes or as otherwise required by federal, state or local law.  The Settlement Administrator shall separately invoice Defendants for the employer share of FICA taxes on the wage portions of the Settlement Payments.  Fifty percent (50%) of each individual Class Member's Settlement Payment and/or Redistribution Settlement Payment shall be subject to W-2 reporting as wages; and the other fifty percent (50%) of each individual Class Member's Settlement Payment and/or Redistribution Settlement Payment shall be subject to 1099 reporting as liquidated damages.  Service awards shall be subject to 1099 reporting.

33.     Each Participating Class Member accepting payment pursuant to this Settlement Agreement agrees that he or she is solely responsible for his or her tax liability under federal, state

17

Doc ID: ed5da7c2c42fde42c094988608d01d8904fa760b

or local tax laws arising from the payments described herein.  Defendants make no representations or warranties, express or implied, to Participating Class Members regarding the tax consequences of the payments herein or their allocation, and Participating Class Members have not relied on any such representation or warranty.  In the event any payment to a Participating Class Member is returned by the U.S. Postal Service as undeliverable, or is uncashed or non-negotiated prior to its expiration, neither Defendants nor the Settlement Administrator shall have any further obligations to such Participating Class Member except that (1) for any check returned by the U.S. Postal Service with a forwarding address prior to the check's expiration date, the Settlement Administrator shall mail the check to the forwarding address; and (2) if a Participating Class Member contacts the Settlement Administrator to request a replacement check, the Settlement Administrator shall comply with such a request by cancelling the initial check and issuing a replacement.  However, the replacement check shall expire on the same date as the original check.

34.    Any amounts remaining in the Settlement Fund after the expiration date of all checks issued as Settlement Payments and the re-distribution of the Remaining Net Settlement Fund Amount shall revert to Defendants.  The parties agree that all Participating Class Members waive and abandon any ownership interest in any undeliverable, returned, uncashed, and/or non-negotiated checks and further agree that no obligation has been generated or proven with respect to such undeliverable, returned, uncashed, and/or non-negotiated checks.

## VIII.   RELEASE

35.    For the benefits and for other good and valuable consideration described and defined in this Agreement, the receipt and sufficiency of which are hereby acknowledged, all Class Members (whether or not they have timely submitted a properly completed Claim Form) who have not timely and properly opted out, and their respective current and former spouses (insofar as

18

Doc ID: ed5da7c2c42fde42c094988608d01d8904fa760b

possessing rights in this Action on behalf of Class Members), assigns, heirs, successors, attorneys, executors, trustees, agents, personal representatives and legal representatives, fully and forever release Defendants, their owners, principals, affiliates, parents, subsidiaries, divisions, officers, predecessors, successors, directors, agents, attorneys, insurers, employees and assigns ("Released Parties"), from any and all actions, causes of action, suits, claims or complaints which they may have or claim to have, whether or not presently known to them, arising out of or related to the facts alleged or claims asserted in the Action for violations of the New York State Labor Law's wage and hour laws or its related regulations (including but not limited to those arising under the Wage Theft Prevention Act, as amended, the requirements of New York Labor Law Section 195, payment of minimum wages, payment of overtime wages, payment of spread of hours pay, and/or payment of split shift pay) from the beginning of time up to the date of the filing of the motion for preliminary approval in this action (the "Settlement Class Release").  The Settlement Class Release includes, but is not limited to, claims for unpaid wages, unpaid overtime, minimum wages, premium pay, interest, liquidated damages, damages, attorneys' fees, costs, injunctive relief, declaratory relief, penalties, and related forms of relief, including all wage and hour claims which were brought, or could have been brought, in the Action, under the NYLL (and specifically excluding the FLSA).

36.    For the benefits and for other good and valuable consideration, the receipt and sufficiency of which are hereby acknowledged, all Participating Class Members and FLSA Collective Members, and their respective current and former spouses (insofar as possessing rights in this Action on behalf of Plaintiffs), assigns, heirs, successors, attorneys, executors, trustees, agents, personal representatives and legal representatives, fully and forever release Released Parties, from any and all actions, causes of action, suits, claims or complaints which they may have

19

Doc ID: ed5da7c2c42fde42c094988608d01d8904fa760b

or claim to have, whether or not presently known to them, arising out of or related to the facts alleged or claims asserted in the Action, for violations of the Fair Labor Standards Act or its related regulations from the beginning of time up to the date of the filing of the motion for preliminary approval in this action (the "FLSA Release"), in addition to all claims included in the Settlement Class Release.  The FLSA Release includes, but is not limited to, claims for unpaid wages, unpaid overtime, minimum wages, premium pay, interest, liquidated damages, damages, attorneys' fees, costs, injunctive relief, declaratory relief, penalties, and related forms of relief.  The release of claims for violations of the federal Fair Labor Standards Act is not intended and shall not be construed to apply to any Class Members who have not filed a Consent to Join Form or fail to timely submit a properly completed Claim Form.

37.    For the benefits and for other good and valuable consideration, the receipt and sufficiency of which are hereby acknowledged, all Named Plaintiffs, and their respective current and former spouses (insofar as possessing rights in this Action on behalf of Class Members), assigns, heirs, successors, attorneys, executors, trustees, agents, personal representatives and legal representatives, fully and forever release Defendants, their owners, principals, affiliates, parents, subsidiaries, divisions, officers, predecessors, successors, directors, agents, attorneys, insurers, employees and assigns ("Released Parties"), from any and all actions, causes of action, suits, claims or complaints which they may have or claim to have, whether or not presently known to them, from the beginning of time up to the date of the filing of the motion for preliminary approval in this action.

38.    It is expressly understood and agreed between the parties that the release language in this Agreement constitutes material and essential terms and are to be included in the Final Order and Judgment entered by the Court.

Doc ID: ed5da7c2c42fde42c094988608d01d8904fa760b

## IX.    NO ADMISSION OF LIABILITY

39.    This Agreement shall not in any way be construed as an admission by any party, or any of their owners, principals, affiliates, subsidiaries, predecessors, successors, divisions, officers, directors, insurers, agents or employees of any claim.   Defendants, on behalf of themselves and their owners, principals, affiliates, subsidiaries, predecessors, successors, divisions, officers, directors, insurers, agents and employees, expressly deny any and all wrongdoing.

## X.    TOTAL RELIEF

40.    Plaintiffs and Class Counsel acknowledge and agree that Class Counsel's attorneys' fees, costs and expert fees are, subject only to the Court's approval, to be paid out of the Gross Settlement Fund and Class Counsel will not seek, either directly or indirectly, any other relief for such fees or costs.

## VIII.    EVIDENTIARY EFFECT OF SETTLEMENT AGREEMENT

41.    Neither this Agreement nor any related documents, negotiations, statements, or court proceedings shall be construed as, received as, used as, or determined to be evidence or an admission or concession of any liability or wrongdoing whatsoever on the party of any person or entity, including but not limited to Defendants and the Released Parties, or as a waiver by Defendants of any applicable defense to the claims asserted or to Plaintiffs' ability to maintain this action as a class or collective Action.

## XI.    CHOICE OF LAW

42.    This Agreement shall in all respects be interpreted, enforced and governed under the laws of the State of New York.

Doc ID: ed5da7c2c42fde42c094988608d01d8904fa760b

## XII.   MISCELLANEOUS PROVISIONS

43.     Defendant Sandip Dashi or "Sandip Desai" is individually liable for all settlement payments, and will execute an affidavit of confession of judgment for 125% of the amount of any remaining payments of the Gross Settlement Fund (attached hereto as Exhibit D).  If Defendant Dashi or Desai fails to make a payment on the date due, Plaintiffs shall provide ten (10) calendar days' written notice to Defendants through their counsel, Raymond Nardo, 129 Third St, Mineola, NY 11501 (or Mr. Nardo's current address), raymondnardo@gmail.com (or Mr. Nardo's current e-mail address), and James Green, 900 Merchants Concourse, Ste 303, Westbury, NY 11590 (or Mr. Green's current address), jgreen@jamesgreenesq.com (or Mr. Green's current e-mail address), and Tracy Armstrong, 90 Woodbridge Center Drive, Woodbridge, NJ 07095 (or Ms. Armstrong's current address, tarmstrong@wilentz.com (or Ms. Armstrong's current e-mail address), by certified mail, return receipt requested and/or electronic mail, of Plaintiffs' intent to file the Affidavit for Confession of Judgment with the clerk of any court of competent jurisdiction, and if Defendants fail to cure within ten (10) calendar days, Plaintiffs will be entitled to file the affidavits of confession of judgment with a court of competent jurisdiction. Should an affidavit of confession of judgment be rejected by the clerk for any reason, or should the court decline to enter judgment in Plaintiffs' favor on the affidavit of confession of judgment, then Defendant Dashi or Desai will fully cooperate in providing Plaintiffs, or the court, with such different or additional documents as may prove necessary in order to have the judgment entered.

44.     The failure of any party to exercise any rights with respect the terms of this Agreement shall not constitute waiver of the right to the later exercise thereof, except as expressly provided herein.  No delay on the part of any party in exercising any power or right hereunder will operate as a waiver thereof nor will any single or partial exercise of any power or right hereunder

Doc ID: ed5da7c2c42fde42c094988608d01d8904fa760b

preclude other or further exercises thereof or the exercise of any other power or right, except as expressly provided herein.

45.     The parties agree to undertake their reasonable best efforts, including all steps and efforts contemplated by this Settlement Agreement any other reasonable steps and efforts that may be necessary or appropriate, by court order or otherwise, to carry out the terms and objectives of this Settlement Agreement.

46.     The headings in this Settlement Agreement are solely for the convenience for the reader and shall not affect the meaning or interpretation of this Settlement Agreement.

47.     Each party has cooperated in the drafting and preparation of this Agreement.  In any construction to be made of this Agreement, the same shall not be construed against any party.

48.     The parties agree that this Agreement contains the entire understanding of the parties, that there are no additional promises or terms between the parties other than those contained herein, and that this Agreement shall not be modified except in writing signed by each of the parties.

**[Signatures Page(s) to Follow]**

Doc ID: ed5da7c2c42fde42c094988608d01d8904fa760b

**THE FOREGOING SETTLEMENT IS AGREED AND SO STIPULATED:**

Dated: _____

_____
**[X]**

*Attorneys for Defendants Dashi and Swagat Restaurant, Inc.*

*Dated:* _____

_____
*[X]*

*Attorneys for Defendant Aurora*

Dated: _____

_____
**[X]**

*Attorneys for Plaintiffs, Proposed Class and Collective*

Dated: 11 / 16 / 2020

_____
**Kishore Naik**
*Plaintiff*

Dated: _____

_____
**Harish Chand**
*Plaintiff*

Dated: _____

_____
**Mohamad K. Newaz**
*Plaintiff*

Dated: _____

_____
**Abdul Baten Rocky**
*Plaintiff*

24

**THE FOREGOING SETTLEMENT IS AGREED AND SO STIPULATED:**

Dated: _____

_____
[X]

*Attorneys for Defendants Dashi and Swagat Restaurant, Inc.*


*Dated:* _____

_____
*[X]*

*Attorneys for Defendant Aurora*


Dated: _____

_____
[X]

*Attorneys for Plaintiffs, Proposed Class and Collective*


Dated: _____

_____
**Kishore Naik**
*Plaintiff*


Dated: 11 / 16 / 2020
_____

_____
**Harish Chand**
*Plaintiff*


Dated: 11 / 17 / 2020
_____

_____
**Mohamad K. Newaz**
*Plaintiff*


Dated: 11 / 16 / 2020
_____

_____
**Abdul Baten Rocky**
*Plaintiff*


24

Doc ID: ed5da7c2c42fde42c094988608d01d8904fa760b

Dated: _11 / 13 / 2020_                       *Gourishankar Balan*

_____

**B. Gourishankar**
*Plaintiff*

Dated: _11 / 17 / 2020_

_____

**Mohammad M. Abbasi**
*Plaintiff*

Dated: _____

_____

**[X]**
*For Swagat Restaurant, Inc. d/b/a
Sapphire Indian Cuisine*

Dated: _____

_____

**[X]**
*Satish Arora (pled as Satis Chandra
Aurora)*

Dated: _____

_____

**[X]**
*Sandip Desai (pled as Sandip Dashi)*

25

Dated: _____

**B. Gourishankar**
*Plaintiff*

Dated: _____

**Mohammad M. Abbasi**
*Plaintiff*

Dated: 11/30/2020

**[X]**
*For Swagat Restaurant, Inc. d/b/a*
*Sapphire Indian Cuisine*

Dated: _____

**[X]**
*Satish Arora (pled as Satis Chandra*
*Aurora)*

Dated: 11/30/2020

**[X]**
*Sandip Desai (pled as Sandip Dashi)*

25

# EXHIBIT A

**IMPORTANT LEGAL NOTICE OF CLASS ACTION SETTLEMENT**
**ISSUED BY ORDER OF THE COURT**

**United States District Court, Southern District of New York**
***Naik, et al. v. Swagat Restaurant, Inc. d/b/a Sapphire Indian Cuisine, et al.***
**Civil Action No. 1:19-cv-05025 (JMF)**

**If you worked at Swagat Restaurant, Inc. d/b/a Sapphire Indian Cuisine as a non-exempt employee at any time between May 30, 2013 to [date of filing preliminary approval motion], YOU ARE ENTITLED TO A PAYMENT.**

- This Notice relates to a proposed settlement in a class and collective action lawsuit that alleges that Swagat Restaurant d/b/a Sapphire Indian Cuisine ("Sapphire"), Satish Arora, improperly pled as Satis Chandra Aurora, and Sandip Desai, improperly pled as Sandip Dashi (collectively, "Defendants") violated the federal Fair Labor Standard Act ("FLSA") and New York Labor Law ("NYLL"). Plaintiffs and Defendants disagree as to whether Defendants' conduct was permitted under the FLSA and NYLL, whether Defendants would be liable under the FLSA and NYLL with respect to that conduct, and if so, the extent of any such liability. Defendants deny that they violated the law in any fashion whatsoever. The parties have agreed to resolve the lawsuit by a settlement.

- All capitalized terms in this Notice have meanings defined herein or in the Class Action Settlement Agreement ("Settlement Agreement").

- There is one proposed Settlement Class, which includes all non-exempt employees of Defendants between May 30, 2013, and [date of filing preliminary approval motion];

- You are entitled to receive money under the terms of this Settlement.

| YOUR LEGAL RIGHTS AND OPTIONS IN THIS SETTLEMENT: | |
|---|---|
| **Submit a Claim Form** | Receive a payment. You will receive a payment because you are a member of the Settlement Class. You may receive a second payment if less than 70% of the amount allocated as payments to class members is not paid out. You will release any and all claims you may have under the NYLL and FLSA. |
| **Do Nothing** | You will not receive a payment and you will release any and all claims you may have under the NYLL. |
| **Exclude Yourself** | Receive zero payments. This is the only option that allows you to be part of any other lawsuit or legal action against Defendants relating to any and all claims that otherwise would be released by the Settlement |

| | |
|---|---|
| | Agreement. <br><br> See Section 10. How do I get out of the Settlement? for excluding yourself below. |
| **Object** | Write to the Court about why you object to the Settlement. <br><br> See Objecting To The Settlement below. |
| **Go to the Hearing** | Ask to speak in Court about the fairness of the Settlement. |

- Your rights and options—and the deadlines to exercise them—are explained in this Notice.

- The Court still has to decide whether to approve this Settlement, which may take some time.

## Basic Information

### 1. Why did I get this Notice?

You are receiving this Notice because Defendants' records indicate that you worked as a non-exempt employee between May 30, 2013, and **[date of filing preliminary approval motion]**.  As such, you are entitled to at least one payment and may be entitled to a second payment.

This Notice has been circulated because members of the Settlement Class have a right to know about a proposed settlement of a class and collective action lawsuit in which they are class members and could be collective members, and about all of their options, before the Court decides whether to approve the Settlement.  If the Court approves the Settlement, and after objections or appeals relating to that Settlement are resolved, members of the Settlement Class who submit a Claim Form will receive a payment.

This Notice explains the lawsuit, the Settlement, your legal rights, what benefits are available, who is eligible for them, and how to get them. A full copy of the Settlement Agreement may be reviewed on request from Class Counsel.  This Notice contains only a summary of the Settlement Agreement.

The Court in charge of this case is the United States District Court for the Southern District of New York, and the case is known as *Kishore Naik, Harish Chand, Mohamed K. Newaz, Abdul Baten Rocky, B. Gourishankar, Mohammad M. Abbasi, individually and on behalf of all others similarly situated, v. Swagat Restaurant, Inc. d/b/a Sapphire Indian Cuisine, Satis Chandra Aurora, in his official and individual capacity, Sandip Dashi, in his official and individual capacity, and Does 1-50*, in Civil Action No. 1:19-cv-05025-JMF.  The persons who filed this lawsuit are called the Plaintiffs, and Swagat Restaurant, Inc. d/b/a Sapphire Indian Cuisine, Satis Chandra Aurora and Sandip Dashi are the Defendants.

### 2. What is the lawsuit about?

The Plaintiffs allege that Defendants failed to pay their nonexempt employees all appropriate wages, maintain accurate employment records, pay all appropriate Spread-of-Hours pay, and other violations of the FLSA and

NYLL.  Based on these allegations, Plaintiffs seek to recover damages.

Defendants vigorously dispute the Plaintiffs' allegations, deny they violated any law, and deny all liability to Plaintiffs and the Settlement Class.  In the lawsuit, Defendants have denied Plaintiffs' allegations and have raised a number of defenses to the claims asserted.

The Court has not determined whether Plaintiffs or Defendants are right or wrong. Although the Court has authorized Notice to be given of the proposed Settlement, this Notice does not express the opinion of the Court on the merits of the claims or defenses asserted by either side in the lawsuit.

### 3. Why is this case a class action and a collective action?

**Class actions** are lawsuits in which the claims and rights of many people are decided in a single proceeding.  In a class action, Representative Plaintiffs ("Class Representatives") seek to assert claims on behalf of all members of a class or classes of similarly situated people. In a class action, people with similar claims are treated alike. Class members are not individually responsible for the costs or fees of counsel, which are subject to court award.

**Collective actions** are lawsuits pursuant to the federal Fair Labor Standards Act, where individuals are permitted to seek relief jointly for alleged FLSA violations.

### 4. Why is there a Settlement?

The Court did not decide this case in favor of the Plaintiffs or the Defendants.  The parties have investigated the facts and applicable law regarding the Plaintiffs' claims and the Defendants' defenses.  This Settlement was reached through the parties' participation in a mediation and through negotiations. The Class Representative and Counsel for the Settlement Class believe that the proposed Settlement Agreement is fair, reasonable, and adequate and in the best interests of the class.  The parties agree this Settlement will avoid the uncertainties and expense of further litigation.

### Who Is In The Settlement

### 5. How do I know if I am part of the NYLL Settlement Class?

If you are receiving this notice, Defendants' records indicate you were employed by Defendants as a non-exempt employee at any time between May 30, 2013, and **[date of filing preliminary approval motion]**.  If you worked as a non-exempt employee for Defendants at any time between May 30, 2013, and **[date of filing preliminary approval motion]**, you are a part of the Settlement Class.

If you are not certain as to whether you are a member of the Settlement Class, you may contact the Settlement Administrator to find out.  In all cases, the question of membership will be determined based on Defendants' records.

### The Settlement Benefits—What You Get

### 6. What does the Settlement provide?

If you are receiving this Notice you are entitled to receive at least one payment and may be entitled to a second payment.

A Settlement Fund totaling $1,800,000.00, less certain fees, costs, and other disbursements, has been established. Your share of the Settlement Fund will be based on, *inter alia*, the number of weeks you worked for Defendants, in proportion to the total number of weeks worked by all Settlement Class members, between May 30, 2013, and [date of filing preliminary approval motion], by all Plaintiffs that have been identified by Defendants.

Payments to the Settlement Class are contingent on final court approval. If any settlement funds remain after due to uncashed or non-negotiated checks, such funds shall be returned to Defendants.

## 7. How can I get a benefit?

**To receive a Settlement Class payment, you must return the Claim Form that is included in this Notice Package and you must mail it on or before [60 days after initial mailing of notice packet]**.  The completed Claim Form must include your current name, former name (if different during employment at Defendants), address, telephone number, e-mail address (if applicable), and the last four digits of your Social Security number. It must also include your certification under penalty of perjury that all information on the Claim Form is true and correct. You may send the Claim Form to the Settlement Administrator within an envelope if you prefer.  If so, you will need to supply postage.  **If you do not submit a Claim Form and you do not exclude yourself, you will not receive a payment.**

If you change your address, you must notify the Settlement Administrator with your new address.

## 8. When do I receive payment?

The Court will hold a Final Fairness Hearing at _____ on _____ in the United States District Court for the Southern District of New York, Thurgood Marshall U.S. Courthouse, 40 Foley Square, New York NY 10007, to decide whether to finally approve the Settlement.  If the Settlement is finally approved, there may be appeals.  Payments to members of the Settlement Class will be made only if the Settlement is finally approved and fully effective. This may take some time, so please be patient.

## 9. What am I giving up to get a benefit or stay in the class?

Upon the Court's approval of the Settlement, all members of the Settlement Class who do not opt-out (i.e., those who submitted a Claim Form) (as well as their spouses, heirs, and others who may possess rights on their behalf) will fully release Defendants (and its affiliates, subsidiaries, employees, and others who may be subject to claims with respect to Defendants as specified in the Settlement Agreement) from any and all actions, causes of action, suits, claims or complaints which they may have or claim to have, whether or not presently known to them, arising out of or related to the facts alleged or claims asserted in the Action for violations of the New York State Labor Law's wage and hour laws or its related regulations (including but not limited to those arising under the Wage Theft Prevention Act, as amended,  the requirements of New York Labor Law Section 195, payment of minimum wages, payment of overtime wages, payment of spread of hours pay, and/or payment of split shift pay) from the beginning of time up to [date of filing preliminary approval motion].  This release affects your rights and carries obligations in the future.

To view the full terms of this release, which are contained in the Settlement Agreement, please contact Class Counsel.

## 10. How do I get out of the Settlement?

If you choose to be excluded or "opt-out" from the Settlement, you will not be bound by any judgment or other

final disposition of the lawsuit. You will retain any claims against Defendants you might have. To request exclusion, you must state in writing your desire to be excluded from the Settlement Class. **Your request for exclusion must be sent by first-class mail, postmarked on or before [60 days after initial mailing of notice packet]** addressed to:

[class administrator]
[address]
[phone]

**If the request is not postmarked on or before [60 days after initial mailing of notice packet]** your request for **exclusion will be invalid**, and you will be bound by the terms of the Settlement approved by the Court, including without limitation, the judgment ultimately rendered in the case, and you will be barred from bringing any claims that arise out of or relate in any way to the NYLL claims in the case as specified in the release referenced in Paragraph 9 above.

| 11. If I exclude myself or I don't submit a Claim Form, can I get benefits from this Settlement? |
|---|

**No, you will not receive any benefit from the Settlement if you exclude yourself.** Further, unless you exclude yourself, you give up any right to sue Defendants for the claims referenced in Paragraph 9 above, even if you do not file a Claim Form.

***If you have a pending claim or lawsuit, speak to your attorney in that case immediately.***

| The Attorneys Representing You |
|---|

| 12. Do I have an attorney in this case? |
|---|

The Court has appointed the following attorneys as Counsel for the Settlement Class:

Robert Ottinger
Finn Dusenbery
Benjamin Weisenberg
The Ottinger Firm, P.C.
535 Mission St, 14th Fl
San Francisco, CA 94105
(347) 492-1904
finn@ottingerlaw.com

Counsel for the Settlement Class represent the interests of the Settlement Class. You may hire your own attorney to advise you, but if you hire your own attorney, you will be responsible for paying that attorney's fees.

| 13. How will the attorneys be paid? |
|---|

Counsel for the Settlement Class will be paid out of the Settlement Fund.

| 14. Who are the Class Representatives and what additional compensation do they receive? |
|---|

The Court has appointed Kishore Naik, Harish Chand, Mohamed K. Newaz, Abdul Baten Rocky, B. Gourishankar, Mohammad M. Abbasi as the Class Representatives. The Class Representatives initiated the lawsuit, participated in discovery and assisted Counsel for the Settlement Class.

## Objecting To The Settlement

### 15. How do I tell the Court that I don't like the Settlement?

You can object to any aspect of the proposed Settlement by filing and serving a written objection. Your written objection must include: (1) evidence that you are a member of the Settlement Class; (2) a notice of your intent to appear at the Final Fairness Hearing on at _____ on _____ in the United States District Court for the Southern District of New York, Thurgood Marshall U.S. Courthouse, 40 Foley Square, New York NY 10007, (3) a statement of the objection(s) being asserted; (4) a detailed description of the facts and legal authorities underlying each objection; (5) a list of any witnesses who may be called to testify at the Final Fairness Hearing, whether in person, by deposition, or affidavit; and (6) a list of any exhibits, and copies of the same, which you may offer at the Final Fairness Hearing.

**You must file any objection with the Clerk of the Court at the address below by [60 days after initial mailing of notice packet]**

United States District Court for the Southern District of New York
Thurgood Marshall U.S. Courthouse
40 Foley Square, New York NY 10007

Please prominently reference:

*Kishore Naik, Harish Chand, Mohamed K. Newaz, Abdul Baten Rocky, B. Gourishankar, Mohammad M. Abbasi, individually and on behalf of all others similarly situated, v. Swagat Restaurant, Inc. d/b/a Sapphire Indian Cuisine, Satis Chandra Aurora, Sandip Dashi, and Does 1-50*, in Civil Action No. 1:19-cv-05025-JMF

**You must also send your objection by first-class mail, postmarked on or before [60 days after initial mailing of notice packet]** to Counsel for the Settlement Class and counsel for Defendants. These documents should be mailed to Counsel for the Settlement Class at:

Robert Ottinger
The Ottinger Law Firm, P.C.
535 Mission St, 14th FlSan Francisco, CA 94105
*Counsel for Plaintiffs and the Class*

and to counsel for Defendants at:

Raymond Nardo, P.C.
129 Third St
Mineola, NY 11501
*Counsel for Sandip Dashi*

Tracy Armstrong
Wilentz Goldman & Spitzer, P.A.
90 Woodbridge Center Drive, Ste 900
Woodbridge, NJ 07095
*Counsel for Swagat Restaurant d/b/a Sapphire Indian Cuisine and*
*Satis Chandra Aurora*

Any member of the Settlement Class who does not file and serve an objection in the time and manner described above will not be permitted to raise that objection later.

## 16. Where and when will the Court decide whether to approve the Settlement?

There will be a Final Fairness Hearing to consider approval of the proposed Settlement at _____ on _____ at the United States District Court for the Southern District of New York, Thurgood Marshall U.S. Courthouse, 40 Foley Square, New York NY 10007. The hearing may be postponed to a later date without further notice. The purpose of the hearing is to determine the fairness, reasonableness, and adequacy of the terms of Settlement; whether the Settlement Class is adequately represented by the Class Representatives and Counsel for the Settlement Class; and whether an order and final judgment should be entered approving the proposed Settlement. The Court also will consider Settlement Class Counsel's application for an award of attorneys' fees and expenses and Class Representatives' incentive awards.

You will be represented at the Final Fairness Hearing by Counsel for the Settlement Class, unless you choose to enter an appearance in person or through your own counsel, but you will be responsible for paying your own attorney if you chose to be represented by an attorney other than the Settlement Class Counsel. The appearance of your own attorney is not necessary to participate in the Final Fairness Hearing.

## 17. Do I have to come to the hearing?

No. Counsel for the Settlement Class will represent the Settlement Class at the Final Fairness Hearing, but you are welcome to come at your own expense. If you send any objection, you do not have to attend the Final Fairness Hearing to present your objection to the Court and respond to any inquiries. As long as you filed and mailed your written objection on time, the Court will consider it. You may also pay your own attorney to attend, if you wish.

## 18. May I speak at the hearing?

You may ask the Court for permission to speak at the Final Fairness Hearing. To do so, you must send with your objection a notice of intention to appear at the hearing as described in Paragraph 15 above.

### Getting More Information

## 19. Are there more details about the Settlement?

This Notice is only a summary. For a more detailed statement of the matters involved in the lawsuit or the Settlement, you may refer to the papers filed in this case during regular business hours at the office of the Clerk of the Court, United States District Court for the Southern District of New York, Thurgood Marshall U.S. Courthouse, 40 Foley Square, New York NY 10007, File: *Naik, et al. v. Swagat Restaurant, Inc. d/b/a Sapphire Indian Cuisine, et al., Civil Action No. 19-cv-05025-JMF.* The full Settlement Agreement and certain pleadings filed in the cases can be requested, in writing, from Class Counsel, identified in Paragraph 15 above.

**20. How do I get more information?**

You can contact Class Counsel, identified in Paragraph 12 and 15 above.

# EXHIBIT B

# CLAIM FORM

{Name and Address of Recipient}                {Name and Address of Settlement Administrator}

Attn: [settlement administrator]
[settlement administrator address]
[settlement administrator phone]
Naik, et al. v. Swagat Restaurant, Inc. d/b/a Sapphire Indian Cuisine
Civil Action No. 19-cv-050256-JMF

IF YOU MOVE, send your CHANGE OF ADDRESS to the SETTLEMENT
ADMINISTRATOR

**To Receive a Settlement Payment You Must Enter All Requested Information,
Sign this Claim Form, and Mail this Claim Form, Postmarked
on or before [60 days after initial mailing of notice packet].**

The records of Defendants, Swagat Restaurant, Inc. d/b/a Sapphire Indian Cuisine, Satish Arora, improperly pled as Satis Chandra Aurora, and Sandip Desai, improperly pled as Sandip Dashi, indicate that you were employed by Defendants as a non-exempt employees, including, but not limited to, as a server, runner, busser, and/or cook within the relevant time period set forth in the Notice of Settlement and are not otherwise excluded from the Class.  By signing and returning this form, you are choosing to receive money from a settlement in the lawsuit noted above, and which was brought to recover wages under the Fair Labor Standards Act and New York Labor Law.

Based on Defendants' records, you worked _____ weeks between May 30, 2013 and **[date of filing preliminary approval motion]**, and you may be eligible to receive approximately $[TO BE INSERTED] from the settlement.

By signing, dating, and returning this Claim Form, you agree to the following release of any wage claims you have:

I, and on behalf of my respective current and former spouses (insofar as possessing rights in this Action on behalf of me), assigns, heirs, successors, attorneys, executors, trustees, agents, personal representatives and legal representatives, fully and forever release Defendants, their owners, principals, affiliates, parents, subsidiaries, divisions, officers, predecessors, successors, directors, agents, attorneys, insurers, employees and assigns, from any and all actions, causes of action, suits, claims or complaints which they may have or claim to have, whether or not presently known to them, arising out of or related to the facts alleged or claims asserted in the Action, for violations of the New York Labor Law, Wage Theft Prevention Act, or Fair Labor Standards Act or their related regulations from the beginning of time up to **[the date of the filing of the motion for preliminary approval in this action].**

By signing and returning this form, you certify that you did in fact work as a non-exempt employee, including, but not limited to a server, runner, busser, and/or cook at Swagat Restaurant, Inc. d/b/a Sapphire Indian Cuisine between May 30, 2013 and **[the date of the filing of the motion for preliminary approval in this action]** and that you acknowledge that you have carefully reviewed the information included in this form and in the Notice of Settlement. You also acknowledge, agree and certify that you submit this Claim Form knowingly and voluntarily, with a full understanding of its consequences, and without having been promised any benefit by any party or attorney in this Action other than as described in the Notice.

_____          _____

Date                                                           Signature


                                                                _____

                                                                Name (Printed)



Signature: _____          Home Phone: _____

Date: _____                            E-Mail address: _____


Enter your Taxpayer Identification Number (TIN) or Social Security Number (SSN):

☐☐☐--☐☐--☐☐☐☐

1.   The number shown on this form is my correct Taxpayer Identification Number or Social Security Number (or I am waiting for a number to be issued to me); *and*

2.   I am not subject to backup withholding because: (a) I am exempt from backup withholding, or (b) I have not been notified by the Internal Revenue Service (IRS) that I am subject to backup withholding as a result of a failure to report all interest or dividends, or (c) the IRS has notified me that I am no longer subject to backup withholding; *and*


*Note: If you have been notified by the IRS that you are subject to backup withholding, you must cross out item 2 above.*

# EXHIBIT C

*Naik, et al. v. Swagat Restaurant, Inc. d/b/a Sapphire Indian Cuisine, et al*. Index No. 19-cv-05025

**REMINDER NOTICE OF PROPOSED CLASS ACTION LAWSUIT SETTLEMENT**

A Notice of Class Action Settlement was previously mailed to you because Defendants identified you as a non-exempt who may be eligible to participate in a class action settlement.  As of the date this reminder was sent you have not submitted a completed Claim Form.  **You will not be eligible to receive any money from the settlement unless you submit a completed Claim Form by [DATE].**  To receive another hard copy of the Claim Form, you may contact the Claims Administrator at _____.  If  you have any questions about the Settlement, please contact Class Counsel The Ottinger Firm, P.C. at 347-492-1904 or finn@ottingerlaw.com.

# EXHIBIT D

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------x

KISHORE NAIK, HARISH CHAND,
MOHAMED KAHLID NEWAZ, ABDUEL
BATEN ROCKY, B. GOURISHANKAR,             No. 19-cv-5025 (JMF)
MOHAMAD M. ABBASI,

          **Plaintiffs,**

      v.

SWAGAT RESTAURANT, INC. d/b/a
SAPPHIRE INDIAN CUISINE, SATIS
CHANDRA AURORA, and SANDIP DASHI,

          **Defendants.**

-------------------------------------------------------------x

## AFFIDAVIT FOR JUDGMENT BY CONFESSION (CPLR § 3218)

STATE OF NEW ~~YORK~~ *Jersey* )
                       )   ss.:
COUNTY OF *Hudson* )

    *Sandip Desai*     , being duly sworn, deposes and says:

    1.    Swagat Restaurant, Inc. d/b/a Sapphire Indian Cuisine ("Sapphire"), Satish Arora,

improperly pled as Satis Chandra Aurora and I, Sandip Desai (pled in the above-captioned action

as "Sandip Dashi"), are each named Defendants in the above-entitled action (the "Action"), and I

reside at *121 St. Pauls Ave.* in the county of *Hudson* .

    2.    I make this affidavit pursuant to § 3218 of the New York Civil Practice Law and

Rules, in support of Plaintiffs' application for the entry of a judgment by confession against myself

in the above-captioned action.

    3.    This is a judgment to be confessed for money due. The facts out of which the debt

arose and that the sum confessed is justly due is set forth below.

9.    This affidavit shall be null and void upon full payment of the settlement amount by

Defendants.


Dated:      HUDSON.  , NY NJ
            24th Nov, 2020

                                          By:    _____
                                                 Sandip Desai

Sworn to before me this

24th day of Nov,  , 2020

_____

NEHAL R. PATEL
NOTARY PUBLIC OF NEW JERSEY
I.D. # 2416167
My Commission Expires 1/17/2017