# EXHIBIT 1

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| Kishore Naik, Harish Chand, Mohamed K. Newaz, Abdul Baten Rocky, B. Gourishankar, Mohammad M. Abbasi, individually and on behalf of all others similarly-situated,<br><br>                              Plaintiffs,<br><br>           v.<br><br>Swagat Restaurant, Inc. d/b/a Sapphire Indian Cuisine, Satis Chandra Aurora, in his official and individual capacity, Sandip Dashi, in his official and individual capacity, and Does 1-50,<br><br>                              Defendants. | **Civil Action No. 1:19-cv-05025-JMF**<br><br>[Proposed] Class Action and Collective Settlement Agreement |

## SETTLEMENT AGREEMENT AND RELEASE

This [Proposed] Class Action and Collective Action Settlement Agreement (the "Agreement") is made and entered into, by and among Plaintiffs Kishore Naik, Mohamed K. Newaz, Abdul Baten Rocky, B. Gourishankar, Mohammad M. Abbasi ("Named Plaintiffs"), on behalf of themselves and the members of a collective and class (collectively, "Plaintiffs" or "Class Members") and Swagat Restaurant, Inc. d/b/a Sapphire Indian Cuisine, and Sandip Desai, improperly pled as Sandip Dashi, in their official and individual capacity, (collectively, "Defendants"). The Named Plaintiffs represent the NYLL Class and FLSA Collective for purposes of this Settlement Agreement.

## RECITALS

WHEREAS, on or about May 30, 2019, the Named Plaintiffs filed this lawsuit captioned

*Kishore Naik, Harish Chand, Mohamed K. Newaz, Abdul Baten Rocky, B. Gourishankar,*

*Mohammad M. Abbasi, individually and on behalf of all others similarly situated, v. Swagat*

Doc ID: 6ff4f794716544a9b880a42a89db1489b19e7b84

*Restaurant, Inc. d/b/a Sapphire Indian Cuisine, Satis Chandra Aurora, in his official and individual capacity, Sandip Dashi, in his official and individual capacity, and Does 1-50, inclusive*, in Civil Action No. 1:19-cv-5025-JMF, in the United States District Court for the Southern District of New York (the "Action"); and

WHEREAS, Defendants filed an Answer to the Complaint, denying the material allegations and raising several defenses; and

WHEREAS, in the Action, the Plaintiffs have asserted a number of federal law and state law claims against the Defendants, including: (1) minimum wage violations under the Fair Labor Standards Act, 29 U.S.C. §201, *et seq.* ("FLSA"); (2) minimum wage violations under the New York Labor Law ("Labor Law" or "NYLL") § 650 *et seq.*; (3) the overtime requirements under the FLSA; (4) the overtime requirements under NYLL § 650 *et seq.*; (5) the spread of hours and/or split shift requirement under New York State Regulation 12 NYCRR § 146-1.6 ("NYCRR"); (6) unlawful deductions pursuant to NYLL §193; and (7) the wage statement and notice requirements of NYLL § 195; and

WHEREAS, the parties were able to negotiate a settlement in principle, subject to the negotiation of a more complete settlement agreement; and

WHEREAS, Defendants have denied any wrongdoing towards any of the Plaintiffs or Class Members, including with respect to the claims asserted in the Action, have denied that the claims asserted by the Plaintiffs are suitable for collective and/or class treatment other than for settlement purposes, deny that they have any liability whatsoever, but have agreed to this Settlement Agreement solely because of the substantial expense of litigation, the length of time necessary to resolve the issues presented, the inconvenience involved, and the disruption to its business operations; and

2

WHEREAS, The Ottinger Firm, P.C. ("Plaintiffs' Counsel" or "Class Counsel"), is aware that Defendants have raised defenses to Plaintiffs' allegations and causes of action on which they might prevail, including the defense that no collective and/or class may be certified and, if Defendants were to prevail on their defenses, Plaintiffs might not receive any benefit or consideration for the claims that have been asserted in the Action; and

WHEREAS, based on its analysis and evaluation of a number of factors, Class Counsel recognized the substantial risks of continued litigation and delays, including the likelihood that the claims in the Action, if not settled now, might not result in any recovery whatsoever for Plaintiffs or the collective and class; and

WHEREAS, Class Counsel has conducted an extensive and thorough study and investigation of the law and facts relating to the claims that were asserted and that could have been asserted in the Action, as well as an extensive and thorough study and investigation of the scope and identity of the collective and class, and has concluded, taking into account the benefits of this Settlement Agreement and the risks and delays of further litigation, that this Settlement Agreement is fair and reasonable and in the best interests of the Plaintiffs; and

WHEREAS, subject to the approval of the Court, the parties wish to terminate the Action and effect a compromise (the "Settlement");

NOW, THEREFORE, IT IS HEREBY STIPULATED AND AGREED by and among the undersigned parties that the claims asserted in the Action shall be settled and released, subject to the approval of the Court, upon and subject to the following terms and conditions:

## I.   THE SETTLEMENT COLLECTIVE AND CLASS AND ADMINISTRATION.

1.      There shall be one "Settlement Class" or "NYLL Class" that includes all non-exempt employees of Defendants employed at any time from May 30, 2013, up to the date of filing

Doc ID: 6ff4f794716544a9b880a42a89db1489b19e7b84

the preliminary approval motion in this action. A "Class Member" shall refer to a member of the "Settlement Class" or "NYLL Class."

2.      There shall be one "FLSA Collective" that includes all non-exempt employees of Defendants employed at any time from May 30, 2016, up to the date of filing the preliminary approval motion in this action who have timely filed consent to join forms up to the date of filing the preliminary approval motion in this action. An "FLSA Collective Member" shall refer to a member of the FLSA Collective.

3.      Composition of the Settlement Class and the FLSA Collective shall be based exclusively upon Defendants' records.

4.      The "Settlement Administrator," in this Action is JND Legal Administration. The parties agree that the Settlement Administrator shall be an independent contractor and not the agent of any party or any party's counsel. The fees and expenses charged by the Settlement Administrator will be paid out of the Gross Settlement Fund.

## II.    THE PRELIMINARY APPROVAL ORDER

5.      As soon as practicable after the execution of this Settlement Agreement, the parties shall present this Settlement Agreement to the Court. Plaintiffs will request, by an unopposed preliminary approval motion, that the Court enter a preliminary approval order, which shall accomplish the following:

a.  Find that the requirements of Federal Rule of Civil Procedure 23, 29 U.S.C. § 216(b) and any other requirements for certification of the NYLL Class and FLSA Collective have been satisfied, and that both the NYLL Class and the FLSA Collective shall be certified;

Doc ID: 6ff4f794716544a9b880a42a89db1489b19e7b84

b. Provide that the Settlement's terms shall apply to the Plaintiffs (*i.e.*, the NYLL Class and the FLSA Collective) and the Defendants;

c. Preliminarily approve the Agreement as fair, reasonable, and adequate;

d. Find that the notice procedure set forth in the Agreement satisfies the requirements of due process and applicable law and procedure;

e. Apprise Plaintiffs of their right to "Opt-out," or object to the Settlement;

f. Set the time period for Opting-out or filing objections, such date to be no more than sixty (60) days after the date of mailing the Notice, defined below, to members of the Settlement Class;

g. Set a date for the hearing at which the Court will finally determine the fairness, reasonableness, and adequacy of the proposed Settlement (the "Final Fairness Hearing"), such date to be not more than sixty (60) days after the deadline for Class Members to Opt-out, or file objections, or as soon as thereafter permitted by the Court;

h. Appoint Named Plaintiffs Mr. Kishore Naik, Harish Chand, Mohamed K. Newaz, Abdul Baten Rocky, B. Gourishankar, and Mohammad M. Abbasi as the Class Representatives for the Settlement Class; and

i. Appoint The Ottinger Firm, P.C., including Robert Ottinger, and Finn Dusenbery, as class counsel to the Settlement Class.

6. In the event the Court disapproves or sets aside this Agreement, or any material part hereof, for any reason, then the parties will either jointly agree to accept the Agreement as judicially modified or engage in good faith negotiations in an effort to jointly agree to modify the Agreement for resubmission to the Court for approval. If such negotiations prove unsuccessful,

Doc ID: 6ff4f794716544a9b880a42a89db1489b19e7b84

then any party may declare this Agreement null and void, and the Action will proceed, and the parties will seek a new scheduling order from the Court.  Such declaration shall only be made following fourteen (14) days' notice by such party to the other party of its intention to declare the Agreement null and void.  The parties may agree by stipulation executed by counsel to modifications to this Agreement or the Exhibits hereto to effectuate the purposes of this Agreement and/or to conform to guidance from the Court with regard to the contents of this Agreement or the Exhibits hereto without need for further amendments of this Agreement.  Any such stipulation shall be filed with the Court.

## III.    NOTICE

7.    The Class Action Notice (attached hereto as Exhibit A) ("Notice") shall apprise the Settlement Class of the existence of the Agreement.  The Notice shall:

a.   Inform recipients that they are a member of the Settlement Class;

b.   Inform recipients that any persons who seek to exclude themselves or "Opt-out" from the settlement must do so in writing, sent by first class mail, by a date specified by the Court, but no more than sixty (60) days after the date of mailing of the Notice;

c.   Inform recipients that if they do not opt out of the settlement, they will be bound by the terms of the Settlement;

d.   Inform recipients of the material terms of the Settlement Agreement;

e.   Inform recipients of their right to object to the proposed Settlement, and that any objection to the proposed Settlement must be filed with the Court (via the Clerk of the Southern District of New York, Thurgood Marshall U.S. Courthouse, 40 Centre St, New York NY 10007) and served upon all counsel

6

Doc ID: 6ff4f794716544a9b880a42a89db1489b19e7b84

of record by first class mail by a date specified by the Court, but no more than sixty (60) days after the date of mailing of the Notice;

f.  Inform Plaintiffs that a Final Fairness Hearing to determine the fairness, reasonableness, and adequacy of the proposed Settlement will be held on a date fixed by the Court not more than sixty (60) days after the deadline for Class Members to opt-out, or file objections and provide the date, time, and location of the Final Fairness Hearing, or as soon thereafter as permitted by the Court; and

g.  Inform Plaintiffs that the Court retains the right to reschedule the Final Fairness Hearing without further notice.

8.      Within fourteen (14) days of the entry of the Preliminary Approval Order, Defendants will obtain from its records and provide to the Settlement Administrator and Class Counsel the last known mailing address, last known phone numbers, and the Social Security number or Tax ID that it possesses for each Class Member, the current or last position held by each Class Member, the start and end dates of each Class Member, and the total number of weeks worked by each such Class Member.  All such addresses will be run through the National Change of Address ("NCOA") database by the Settlement Administrator to update them before the Notice is sent.  Within thirty (30) days of entry of the Preliminary Approval Order described above, the Settlement Administrator shall mail the Notice by first class mail to each Class Member identified by Defendants.  The date of the postmark deadline for opting out or filing an objection shall be printed in the Notice.  For any Notice returned as undeliverable, the Claims Administrator will (1) take all reasonable steps to obtain a correct address, (2) attempt a skip trace using the computer databases available and the information provided by Defendants, and (3) attempt one re-mailing.

Doc ID: 6ff4f794716544a9b880a42a89db1489b19e7b84

30 days after mailing the Notice, the Settlement Administrator shall send a text message to all Class Members (attached hereto as Exhibit B).  For any notice returned by the U.S. Postal Services with a forwarding address, the Settlement Administrator shall (1) mail the notice to the forwarding address; and (2) if a Class Member contacts the Settlement Administrator or Class Counsel to request notice, the Settlement Administrator shall comply with such a request so long as the identity of the requesting party matches Defendants' records of Class Members.  In the event that the Parties are unable to identify the addresses of any Class Members ("Unidentified Class Members") by the time of mailing the Notice, notice shall be provided to such Class Members through publication in two newspapers (*The New York Post, New York Daily News*) on two dates no less than two weeks apart.  All Unidentified Class Members will remain in the Settlement Class and their claims will be released under this Agreement, unless they opt out of the settlement.  The published notice shall take the form of the Publication Notice attached hereto as Exhibit C.  All costs associated with the publication shall come out of the Gross Settlement Fund.

## IV.    OPT-OUT AND CLAIMS PROCEDURES

9.    Any Class Member shall have the right to be excluded (*i.e.*, to "Opt-out") from the Settlement Class.  On or before the Opt-out deadline established by the Court (but no more than sixty (60) days after the mailing date of the Notice), each Class Member electing to Opt-out of the Settlement Class must send written notice, by first-class mail addressed to the Settlement Administrator, indicating his or her name and address, and that he or she desired to be excluded from the Settlement Class.  Class Members who do not timely (as measured by the postmark on such Class Member's written notice) opt-out of the settlement by written notice correctly directed and containing the requisite information shall remain members of the Settlement Class and shall be bound by any order(s) of the Court regarding the settlement, and/or the Agreement.  The

Doc ID: 6ff4f794716544a9b880a42a89db1489b19e7b84

Settlement Administrator shall provide copies of any opt-out notices to Class Counsel and Defendants' counsel within a reasonable time after receipt of the same by the Settlement Administrator, but no later than fourteen (14) days prior to the Final Fairness Hearing (unless received by the Settlement Administrator after such time, in which event the Settlement Administrator shall immediately forward copies of same to Class Counsel and Defendants' Counsel).

10.     The parties agree to negotiate in good faith to resolve any dispute by a Class Member concerning the relief to which that person is entitled under this Agreement ("Dispute"). A Dispute shall be initiated by serving a written notice on Class Counsel (unless the Dispute is initiated on the member's behalf by Class Counsel) and Defendants' Counsel within thirty (30) days of the action and/or inaction giving rise to the Dispute ("Notice of Dispute"). The Notice of Dispute shall include such Class Member's name, address, telephone number and a detailed description of the dispute. Any Dispute that the parties cannot resolve between themselves may be submitted to the Court, which will retain jurisdiction to resolve any such Dispute.

## V.     FINAL FAIRNESS HEARING AND FINAL JUDGMENT AND ORDER

11.     The parties agree to petition the Court to hold a Final Fairness Hearing and for the Court to enter an order finally approving the Settlement ("Final Judgment and Order").

12.     Pursuant to 28 U.S.C. § 1715(d), the parties agree that the Final Fairness Hearing shall not be held, and no Final Judgment and Order shall issue, prior to ninety (90) days after completion by Defendants of the notice requirement in 28 U.S.C. § 1715. The parties further agree that, subject to the Court's schedule, such Final Fairness Hearing will be held within sixty (60) days after the deadline for Class Members to opt-out or object, or as soon thereafter as permitted by the Court.

Doc ID: 6ff4f794716544a9b880a42a89db1489b19e7b84

13.     Class Members will submit an unopposed motion for final approval seven (7) days prior to the date set by the Court for the Final Fairness Hearing.

14.     The parties intend to seek a Final Judgment and Order that shall:

a.  Approve the Agreement without modification (except insofar as agreed upon by the parties) as fair, reasonable and adequate to the NYLL Class and FLSA Collective, and direct its consummation according to its terms;

b.  Find that the form and manner of class notice implemented pursuant to this Settlement Agreement (i) constitutes reasonable and the best practicable notice; (ii) constitutes notice that is reasonably calculated, under the circumstances, to apprise Class Members of the pendency of the Action, the terms of the proposed Settlement, the right to object or exclude themselves from the Settlement, and the right to appear at the Final Fairness Hearing; (iii) constitute due, adequate and sufficient notice to all persons entitled to receive notice; and (iv) meets the requirements of state and federal due process, the Federal Rules of Civil Procedure, and any other applicable state and/or federal laws;

c.  Find that all Class Members, except those who have properly excluded themselves, shall be bound by the Settlement Agreement's terms;

d.  Direct that the judgment be entered immediately dismissing with prejudice all individual, class, and collective claims asserted in the Action and ruling that no costs or fees will be assessed on either party other than those expressly provided for in this Agreement;

Doc ID: 6ff4f794716544a9b880a42a89db1489b19e7b84

e.  Approve payment of the benefits to the Settlement Class and the service awards to the Plaintiffs identified in the Agreement, and make any necessary findings with regard to those approvals;

f.  Award Class Counsel's requested attorneys' fees and the reimbursement of litigation costs, and make any necessary finding with regard to such award; and

g.  Retain jurisdiction of all matters relating to the interpretation, administration, implementation, and enforcement of this Agreement and the Settlement.

15.    This Agreement shall become effective and be deemed final upon the expiration of thirty (30) days after the Final Judgment and Order, provided the time to appeal from the Final Judgment and Order has expired and no notice of appeal has been filed ("Effective Date").  In the event a notice of appeal is filed, the Effective Date shall be when the latest of the following has occurred: (1) any appeal from the Final Judgment and Order has been finally dismissed; (2) the Final Judgment and Order has been affirmed on appeal in a form substantially identical to the form of the Final Judgment and Order entered by the Court; (3) the time to petition for review with respect to any appellate decision affirming the Final Judgment and Order has expired; and (4) if a petition for review of an appellate decision is filed, the petition has been denied or dismissed, or, if granted, has resulted in affirmance of the Final Judgment and Order in a form substantially identical to the form of the Final Judgment and Order entered by the Court.

16.    Any objection to the Settlement or petition to intervene in the Action must be in writing, and must include: (1) evidence that the objector or intervenor is a member of the Settlement Class as defined above; (2) a notice of intent to appear at the Final Fairness Hearing; (3) a statement of the objection(s) being asserted; (4) a detailed description of the facts and legal authorities underlying each objection; (5) a list of any witnesses who may be called to testify at

11

Doc ID: 6ff4f794716544a9b880a42a89db1489b19e7b84

the Final Fairness Hearing, whether in person, by deposition, or affidavit (subject to the Federal

Rules of Evidence); and (6) a list of any exhibits, any copies of same, which the objector may offer

at the Final Fairness Hearing.  Such objection must be filed with the Court (via the Clerk of the

United States District Court, Southern District of New York, Thurgood Marshall U.S. Courthouse,

40 Foley Square, New York NY 10007) and served upon all counsel of record by first class mail

by a date specified by the Court, but no more than sixty (60) days after the date of mailing of the

Notice.

17.    No Class Member shall be entitled to contest in any way the approval of the terms

and conditions of this Agreement or the Final Judgment and Order except by filing and serving

written objections in accordance with the provisions of this Settlement Agreement.  Any Class

Member who fails to object in the manner prescribed, shall be deemed to have waived, and shall

be foreclosed forever from raising, objections to the Settlement.  Any Class Member who fails to

opt out of the Settlement Class in accordance with this Settlement Agreement shall be bound by

the terms of this Settlement.

## VI.    THE SETTLEMENT FUND

18.    The Gross Settlement Fund is One Million Eight Hundred Thousand Dollars

($1,800,000).  Within seven (7) days of the Court's preliminary approval of this Agreement,

Defendant Sandip Dashi or "Sandip Desai" will deposit One Million Dollars ($1,000,000) into the

Settlement Administrator's escrow account.  Within seven (7) days after the Effective Date,

Defendant Sandip Dashi or "Sandip Desai" shall deposit with the Settlement Administrator Eight

Hundred Thousand Dollars ($800,000) and any other amounts necessary to fund the settlement,

including, but not limited to, any FICA taxes that must be paid as a result of a portion of the

Settlement Payments constituting payment of wages.  For the purposes of clarity, Defendants are

Doc ID: 6ff4f794716544a9b880a42a89db1489b19e7b84

responsible, separate and apart from the Gross Settlement Fund, for any payroll taxes they may owe as a result of entering into this Settlement Agreement, including but not limited to, any FICA taxes that must be paid as a result of the Settlement Payment (defined below) or Re-distribution Payment (defined below) constituting payment of wages.

19. The Gross Settlement Fund shall be distributed by the Settlement Administrator as follows (subject to Court approval):

    a. The "Settlement Payments," as defined herein, to the Class Members.

    b. The fees and costs of the Settlement Administrator;

    c. Attorneys' fees in the amount of Six Hundred Thousand Dollars ($600,000) (*i.e.*, one-third of the Gross Settlement Fund), plus reimbursement of litigation costs to Plaintiffs' Counsel, The Ottinger Firm, P.C.,;

    d. A service award of $15,000 to Named Plaintiff, Kishore Naik;

    e. A service award of $15,000 to Named Plaintiff, Harish Chand;

    f. A service award of $15,000 to Named Plaintiff, Mohamed K. Newaz;

    g. A service award of $15,000 to Named Plaintiff, Abdul Baten Rocky;

    h. A service award of $15,000 to Named Plaintiff, B. Gourishankar;

    i. A service award of $15,000 to Named Plaintiff, Mohammad M. Abbasi;

20. The Settlement Payment shall be paid out of the "Net Settlement Fund," (*i.e.*, $1,800,000 less the items identified in Paragraph 19 (b-i) of this Agreement).

21. Class Members shall receive individual shares of the Net Settlement Fund (the "Settlement Payment"). Class Members shall have 120 calendar days after the mailing of the Settlement Payment checks to cash their Settlement Payment check. In the event a Class Member does not cash his or her Settlement Payment check within this 120-day period, their check shall be

13

void and a stop payment will be issued. Notwithstanding a Class Member's failure to cash their Settlement Payment check, the affected Class Member shall be deemed to have irrevocably waived any right in or claim to their Settlement Payment **and** the terms of the Agreement, including any releases, will remain binding upon them. Each check shall bear a notice on the reverse, above the signature, stating, "Waiver and Release of all NYLL claims."

22.     The amount(s) of each individual Class Member's share of the Settlement Payment shall be calculated pro rata based on the number of weeks that the Class Member worked in proportion to the total number of weeks worked by all Class Members.

23.     At the close of the 120-day period described above in Paragraph 21, any uncashed Settlement Payment check shall be returned to the Net Settlement Fund and the Settlement Administrator shall determine the total amount of the Net Settlement Fund that remains outstanding and unpaid (the "Remaining Net Settlement Fund Amount"). The Settlement Administrator shall seek and secure confirmation from both Class Counsel and the Defendants' counsel that their accounting of the Remaining Net Settlement Fund Amount is true and correct.

24.     In the event that less than 70% of the Net Settlement Fund has been paid to Class Members because of uncashed Settlement Payment checks or any other reason, the Remaining Net Settlement Fund Amount shall be re-distributed to Class Members who cashed Settlement Payment checks, pro rata, based on weeks worked, up to 70% of the Net Settlement Fund ("Re-distribution Payment"). The cost of the Re-distribution Payment – including any payroll and FICA taxes – shall also come from the Remaining Net Settlement Fund Amount, or be borne by Defendants in the event the Net Settlement Fund is insufficient to cover the cost of the Re-distribution Payment, to ensure that at least 70% of the Net Settlement Fund is re-distributed, exclusive of any costs, including administrative costs or payroll and FICA taxes. If the amount of

Doc ID: 6ff4f794716544a9b880a42a89db1489b19e7b84

the Re-distribution Payment shall render any re-distribution impractical (*i.e.*, if the costs of the Re-distribution Payment shall equal or exceed the amount to be re-distributed), then the amount of the Re-distribution Payment shall be applied to the *cy pres* charitable designee, which the parties have agreed is the organization, "Make the Road New York."

      25.    Class Members shall have 120 days to cash their shares of the Re-distribution Payment.  After the later of (1) 120 days to cash the Settlement Payment checks; or (2) 120 days to cash the Re-distribution Payment checks, the remaining value of any and all uncashed or unclaimed Settlement Payment or Re-distribution checks shall revert to Defendants.

      26.    It is expressly understood and agreed between the parties that the Settlement Fund distribution terms as set forth constitute material and essential terms of this Agreement.

## VII.    PAYMENT AND DISTRIBUTION

      27.    All Settlement Payments to Class Members and service awards pursuant to this Settlement Agreement shall be made by the Settlement Administrator by check and delivered by first class mail, postmarked within fifteen (15) days after the Effective Date, to each Class Member, to the address designated for such Class Member by the Settlement Administrator.  Further, all payments for attorneys' fees and costs shall be made within fifteen (15) days after the Effective Date.  Within thirty (30) days of calculating the Remaining Net Settlement Fund Amount, the Settlement Administrator shall make any Re-distribution Payment to Class Members by first-class mail.

      28.    The Settlement Administrator shall report the wage portions of the individual shares of the Settlement Payment and Re-Distribution Payment on an IRS Form W-2 and the non-wage portions of the individual shares of the Settlement Payment and Re-Distribution Payment on an IRS Form 1099.  The wage portions shall be subject to any adjustments, deductions or

15

Doc ID: 6ff4f794716544a9b880a42a89db1489b19e7b84

withholdings for applicable taxes or as otherwise required by federal, state or local law.  The Settlement Administrator shall separately invoice Defendants for the employer share of FICA taxes on the wage portions of the Settlement Payment and Re-distribution Payment.  Fifty percent (50%) of each individual Class Member's share of the Settlement Payment and/or Redistribution Payment shall be subject to W-2 reporting as wages; and the other fifty percent (50%) of each individual Class Member's share of the Settlement Payment and/or Redistribution Payment shall be subject to 1099 reporting as liquidated damages.  Service awards shall be subject to 1099 reporting.  Attorneys' fees and costs shall be subject to 1099 reporting.

29.    Each Class Member accepting payment pursuant to this Settlement Agreement agrees that he or she is solely responsible for his or her tax liability under federal, state or local tax laws arising from the payments described herein.    Defendants make no representations or warranties, express or implied, to Class Members regarding the tax consequences of the payments herein or their allocation, and Class Members have not relied on any such representation or warranty.  In the event any payment to a Class Member is returned by the U.S. Postal Service as undeliverable, or is uncashed or non-negotiated prior to its expiration, neither Defendants nor the Settlement Administrator shall have any further obligations to such Class Member except that (1) for any check returned by the U.S. Postal Service with a forwarding address prior to the check's expiration date, the Settlement Administrator shall mail the check to the forwarding address; and (2) if a Class Member contacts the Settlement Administrator to request a replacement check, the Settlement Administrator shall comply with such a request by cancelling the initial check and issuing a replacement.  However, the replacement check shall expire on the same date as the original check.

Doc ID: 6ff4f794716544a9b880a42a89db1489b19e7b84

30.     Any amounts remaining in the Settlement Fund after the expiration date of all checks issued as part of both the Settlement Payment and, if necessary, the Re-distribution Payment, shall revert to Defendants, with a complete accounting for same.  The parties agree that all Class Members waive and abandon any ownership interest in any undeliverable, returned, uncashed, and/or non-negotiated checks and further agree that no obligation has been generated or proven with respect to such undeliverable, returned, uncashed, and/or non-negotiated checks.

## VIII.  RELEASE

31.     For the benefits and for other good and valuable consideration described and defined in this Agreement, the receipt and sufficiency of which are hereby acknowledged, all Class Members who have not timely and properly opted out, and their respective current and former spouses (insofar as possessing rights in this Action on behalf of Class Members), assigns, heirs, successors, attorneys, executors, trustees, agents, personal representatives and legal representatives, fully and forever release Defendants, their owners, principals, affiliates, parents, subsidiaries, divisions, officers, predecessors, successors, directors, agents, attorneys, insurers, employees and assigns ("Released Parties"), from any and all actions, causes of action, suits, claims or complaints which they may have or claim to have, whether or not presently known to them, arising out of or related to the facts alleged or claims asserted in the Action for violations of the New York State Labor Law's wage and hour laws or its related regulations (including but not limited to those arising under the Wage Theft Prevention Act, as amended, the requirements of New York Labor Law Section 195, payment of minimum wages, payment of overtime wages, payment of spread of hours pay, and/or payment of split shift pay) from the beginning of time up to the date of the filing of the motion for preliminary approval in this action (the "Settlement Class Release").  The Settlement Class Release includes, but is not limited to, claims for unpaid wages,

17

unpaid overtime, minimum wages, premium pay, interest, liquidated damages, damages, attorneys' fees, costs, injunctive relief, declaratory relief, penalties, and related forms of relief, including all wage and hour claims which were brought, or could have been brought, in the Action, under the NYLL (and specifically excluding the FLSA).

32.     For the benefits and for other good and valuable consideration, the receipt and sufficiency of which are hereby acknowledged, all FLSA Collective Members, and their respective current and former spouses (insofar as possessing rights in this Action on behalf of Plaintiffs), assigns, heirs, successors, attorneys, executors, trustees, agents, personal representatives and legal representatives, fully and forever release Released Parties, from any and all actions, causes of action, suits, claims or complaints which they may have or claim to have, whether or not presently known to them, arising out of or related to the facts alleged or claims asserted in the Action, for violations of the Fair Labor Standards Act or its related regulations from the beginning of time up to the date of the filing of the motion for preliminary approval in this action (the "FLSA Release"), in addition to all claims included in the Settlement Class Release.  The FLSA Release includes, but is not limited to, claims for unpaid wages, unpaid overtime, minimum wages, premium pay, interest, liquidated damages, damages, attorneys' fees, costs, injunctive relief, declaratory relief, penalties, and related forms of relief.  The release of claims for violations of the federal Fair Labor Standards Act is not intended and shall not be construed to apply to any Class Members who have not filed a Consent to Join Form.

33.     For the benefits and for other good and valuable consideration, the receipt and sufficiency of which are hereby acknowledged, all Named Plaintiffs, and their respective current and former spouses (insofar as possessing rights in this Action on behalf of Class Members), assigns, heirs, successors, attorneys, executors, trustees, agents, personal representatives and legal

Doc ID: 6ff4f794716544a9b880a42a89db1489b19e7b84

representatives, fully and forever release Released Parties, from any and all actions, causes of action, suits, claims or complaints which they may have or claim to have, whether or not presently known to them, from the beginning of time up to the date of the filing of the motion for preliminary approval in this action.

34.     It is expressly understood and agreed between the parties that the release language in this Agreement constitutes material and essential terms and are to be included in the Final Order and Judgment entered by the Court.

## IX.     NO ADMISSION OF LIABILITY

35.     This Agreement shall not in any way be construed as an admission by any party, or any of their owners, principals, affiliates, subsidiaries, predecessors, successors, divisions, officers, directors, insurers, agents or employees of any claim.   Defendants, on behalf of themselves and their owners, principals, affiliates, subsidiaries, predecessors, successors, divisions, officers, directors, insurers, agents and employees, expressly deny any and all wrongdoing.

## X.     TOTAL RELIEF

36.     Plaintiffs and Class Counsel acknowledge and agree that Class Counsel's attorneys' fees, costs and expert fees are, subject only to the Court's approval, to be paid out of the Gross Settlement Fund and Class Counsel will not seek, either directly or indirectly, any other relief for such fees or costs.

## VIII.   EVIDENTIARY EFFECT OF SETTLEMENT AGREEMENT

37.     Neither this Agreement nor any related documents, negotiations, statements, or court proceedings shall be construed as, received as, used as, or determined to be evidence or an admission or concession of any liability or wrongdoing whatsoever on the part of any person or

Doc ID: 6ff4f794716544a9b880a42a89db1489b19e7b84

entity, including but not limited to Defendants and the Released Parties, or as a waiver by Defendants of any applicable defense to the claims asserted or to Plaintiffs' ability to maintain this action as a class or collective Action.

## XI.   CHOICE OF LAW

38.     This Agreement shall in all respects be interpreted, enforced and governed under the laws of the State of New York.

## XII.   MISCELLANEOUS PROVISIONS

39.     Defendants are each jointly and severally liable for all settlement payments, and will execute affidavits of confession of judgment for 125% of the amount of any remaining payments of the Gross Settlement Fund (attached hereto as Exhibit D).  If Defendants fail to make a payment on the date due, Plaintiffs shall provide ten (10) calendar days' written notice to Defendants through their counsel, Raymond Nardo, 129 Third St, Mineola, NY 11501 (or Mr. Nardo's current address), raymondnardo@gmail.com (or Mr. Nardo's current e-mail address), and James Green, 900 Merchants Concourse, Ste 303, Westbury, NY 11590 (or Mr. Green's current address), jgreen@jamesgreenesq.com (or Mr. Green's current e-mail address), of Plaintiffs' intent to file the Affidavits for Confession of Judgment with the clerk of any court of competent jurisdiction, and if Defendants fail to cure within ten (10) calendar days, Plaintiffs will be entitled to file the affidavits of confession of judgment with a court of competent jurisdiction. Should an affidavit of confession of judgment be rejected by the clerk for any reason, or should the court decline to enter judgment in Plaintiffs' favor on the affidavits of confession of judgment, then Defendants will fully cooperate in providing Plaintiffs, or the court, with such different or additional documents as may prove necessary in order to have the judgment entered.

Doc ID: 6ff4f794716544a9b880a42a89db1489b19e7b84

40.     The failure of any party to exercise any rights with respect the terms of this Agreement shall not constitute waiver of the right to the later exercise thereof, except as expressly provided herein.  No delay on the part of any party in exercising any power or right hereunder will operate as a waiver thereof nor will any single or partial exercise of any power or right hereunder preclude other or further exercises thereof or the exercise of any other power or right, except as expressly provided herein.

41.     The parties agree to undertake their reasonable best efforts, including all steps and efforts contemplated by this Settlement Agreement and any other reasonable steps and efforts that may be necessary or appropriate, by court order or otherwise, to carry out the terms and objectives of this Settlement Agreement.

42.     The headings in this Settlement Agreement are solely for the convenience for the reader and shall not affect the meaning or interpretation of this Settlement Agreement.

43.     Each party has cooperated in the drafting and preparation of this Agreement.  In any construction to be made of this Agreement, the same shall not be construed against any party.

44.     The parties agree that this Agreement contains the entire understanding of the parties, that there are no additional promises or terms between the parties other than those contained herein, and that this Agreement shall not be modified except in writing signed by each of the parties.

**[Signatures Page(s) to Follow]**

Doc ID: 6ff4f794716544a9b880a42a89db1489b19e7b84

**THE FOREGOING SETTLEMENT IS AGREED AND SO STIPULATED:**

Dated: 02 / 16 / 2021

_____
**Kishore Naik**
*Plaintiff*

Dated: 02 / 17 / 2021

_____
**Harish Chand**
*Plaintiff*

Dated: 02 / 16 / 2021

_____
**Mohamad K. Newaz**
*Plaintiff*

Dated: 02 / 17 / 2021

_____
**Abdul Baten Rocky**
*Plaintiff*

Dated: 02 / 16 / 2021

_____
**B. Gourishankar**
*Plaintiff*

Dated: 02 / 16 / 2021

_____
**Mohammad M. Abbasi**
*Plaintiff*

Dated: 02/18/2021

_____
**[X]**
*For Swagat Restaurant, Inc. d/b/a
Sapphire Indian Cuisine*

22

**Dated:** 02/18/2021
_____

[X]
*Sandip Desai (pled as Sandip Dashi)*

Doc ID: 6ff4f794716544a9b880a42a89db1489b19e7b84

# EXHIBIT A

**IMPORTANT LEGAL NOTICE OF CLASS ACTION SETTLEMENT
ISSUED BY ORDER OF THE COURT**

**United States District Court, Southern District of New York**
*Naik, et al. v. Swagat Restaurant, Inc. d/b/a Sapphire Indian Cuisine, et al.*
**Civil Action No. 1:19-cv-05025 (JMF)**

**If you worked at Swagat Restaurant, Inc. d/b/a Sapphire Indian Cuisine as a non-exempt
employee at any time between May 30, 2013 to [date of filing preliminary approval motion],
YOU ARE ENTITLED TO A PAYMENT.**

- This Notice relates to a proposed settlement in a class and collective action lawsuit that alleges that Swagat Restaurant d/b/a Sapphire Indian Cuisine ("Sapphire"), and Sandip Desai, improperly pled as Sandip Dashi (collectively, "Defendants") violated the federal Fair Labor Standard Act ("FLSA") and New York Labor Law ("NYLL"). Plaintiffs and Defendants disagree as to whether Defendants' conduct was permitted under the FLSA and NYLL, whether Defendants would be liable under the FLSA and NYLL with respect to that conduct, and if so, the extent of any such liability. Defendants deny that they violated the law in any fashion whatsoever. The parties have agreed to resolve the lawsuit by a settlement.

- All capitalized terms in this Notice have meanings defined herein or in the Class Action Settlement Agreement ("Settlement Agreement").

- There is one proposed Settlement Class, which includes all non-exempt employees of Defendants between May 30, 2013, and **[date of filing preliminary approval motion]**;

- You are entitled to receive money under the terms of this Settlement.

| YOUR LEGAL RIGHTS AND OPTIONS IN THIS SETTLEMENT: | |
|---|---|
| **Do Nothing** | You will receive payment and release any and all claims you may have under the NYLL and, only if you filed a Consent to Join form, under the FLSA as well. |
| **Exclude Yourself** | Receive zero payments. This is the only option that allows you to be part of any other lawsuit or legal action against Defendants relating to any and all claims that otherwise would be released by the Settlement Agreement.<br><br>See Section 10. How do I get out of the Settlement? for excluding yourself below. |
| **Object** | Write to the Court about why you object to the Settlement.<br><br>See Objecting To The Settlement below. |

| | |
|---|---|
| **Go to the Hearing** | Ask to speak in Court about the fairness of the Settlement. |

- Your rights and options—and the deadlines to exercise them—are explained in this Notice.

- The Court still has to decide whether to approve this Settlement, which may take some time.

## Basic Information

### 1. Why did I get this Notice?

You are receiving this Notice because Defendants' records indicate that you worked as a non-exempt employee between May 30, 2013, and **[date of filing preliminary approval motion]**.  As such, you are entitled to at least one payment and will be entitled to a second payment if Defendants do not pay up to 70% of the amount apportioned to Class Members in the first payment.

This Notice has been circulated because members of the Settlement Class have a right to know about a proposed settlement of a class and collective action lawsuit in which they are class members and could be collective members, and about all of their options, before the Court decides whether to approve the Settlement.  If the Court approves the Settlement, and after objections or appeals relating to that Settlement are resolved, members of the Settlement Class will receive a payment.

This Notice explains the lawsuit, the Settlement, your legal rights, what benefits are available, who is eligible for them, and how to get them. A full copy of the Settlement Agreement may be reviewed on request from Class Counsel.  This Notice contains only a summary of the Settlement Agreement.

The Court in charge of this case is the United States District Court for the Southern District of New York, and the case is known as *Kishore Naik, Harish Chand, Mohamed K. Newaz, Abdul Baten Rocky, B. Gourishankar, Mohammad M. Abbasi, individually and on behalf of all others similarly situated, v. Swagat Restaurant, Inc. d/b/a Sapphire Indian Cuisine, Satis Chandra Aurora, in his official and individual capacity, Sandip Dashi, in his official and individual capacity, and Does 1-50*, in Civil Action No. 1:19-cv-05025-JMF.  The persons who filed this lawsuit are called the Plaintiffs, and Swagat Restaurant, Inc. d/b/a Sapphire Indian Cuisine, and Sandip Dashi are the Defendants.

### 2. What is the lawsuit about?

The Plaintiffs allege that Defendants failed to pay their nonexempt employees all appropriate wages, maintain accurate employment records, pay all appropriate Spread-of-Hours pay, and other violations of the FLSA and NYLL.  Based on these allegations, Plaintiffs seek to recover damages.

Defendants vigorously dispute the Plaintiffs' allegations, deny they violated any law, and deny all liability to Plaintiffs and the Settlement Class.  In the lawsuit, Defendants have denied Plaintiffs' allegations and have raised a number of defenses to the claims asserted.

The Court has not determined whether Plaintiffs or Defendants are right or wrong. Although the Court has

authorized Notice to be given of the proposed Settlement, this Notice does not express the opinion of the Court on the merits of the claims or defenses asserted by either side in the lawsuit.

**3. Why is this case a class action and a collective action?**

**Class actions** are lawsuits in which the claims and rights of many people are decided in a single proceeding.  In a class action, Representative Plaintiffs ("Class Representatives") seek to assert claims on behalf of all members of a class or classes of similarly situated people. In a class action, people with similar claims are treated alike. Class members are not individually responsible for the costs or fees of counsel, which are subject to court award.

**Collective actions** are lawsuits pursuant to the federal Fair Labor Standards Act, where individuals are permitted to seek relief jointly for alleged FLSA violations.

**4. Why is there a Settlement?**

The Court did not decide this case in favor of the Plaintiffs or the Defendants.  The parties have investigated the facts and applicable law regarding the Plaintiffs' claims and the Defendants' defenses.  This Settlement was reached through the parties' participation in a mediation and through negotiations. The Class Representative and Counsel for the Settlement Class believe that the proposed Settlement Agreement is fair, reasonable, and adequate and in the best interests of the class.  The parties agree this Settlement will avoid the uncertainties and expense of further litigation.

**Who Is In The Settlement**

**5. How do I know if I am part of the NYLL Settlement Class?**

If you are receiving this notice, Defendants' records indicate you were employed by Defendants as a non-exempt employee at any time between May 30, 2013, and **[date of filing preliminary approval motion]**.  If you worked as a non-exempt employee for Defendants at any time between May 30, 2013, and **[date of filing preliminary approval motion]**, you are a part of the Settlement Class.

If you are not certain as to whether you are a member of the Settlement Class, you may contact the Settlement Administrator to find out.  In all cases, the question of membership will be determined based on Defendants' records.

**The Settlement Benefits—What You Get**

**6. What does the Settlement provide?**

If you are receiving this Notice you are entitled to receive at least one payment and will be entitled to a second payment if Defendants do not pay up to 70% of the amount apportioned to Class Members in the first payment.

A Settlement Fund totaling $1,800,000.00, less certain fees, costs, and other disbursements, has been established. Your share of the Settlement Fund will be based on, *inter alia*, the number of weeks you worked for Defendants, in proportion to the total number of weeks worked by all Settlement Class members, between May 30, 2013, and **[date of filing preliminary approval motion]**, by all Plaintiffs that have been identified by Defendants.

Payments to the Settlement Class are contingent on final court approval. If any settlement funds in excess of 70% of the amount apportion to Class Members remain due to uncashed or non-negotiated checks, such funds

shall be returned to Defendants.

## 7. How can I get a benefit?

**To receive a Settlement Class payment, you do not need to do anything.**

However, if you change your address, you must notify the Settlement Administrator with your new address.

## 8. When do I receive payment?

The Court will hold a Final Fairness Hearing at _____ on _____ in the United States District Court for the Southern District of New York, Thurgood Marshall U.S. Courthouse, 40 Foley Square, New York NY 10007, to decide whether to finally approve the Settlement.  If the Settlement is finally approved, there may be appeals.  Payments to members of the Settlement Class will be made only if the Settlement is finally approved and fully effective. This may take some time, so please be patient.

## 9. What am I giving up to get a benefit or stay in the class?

Upon the Court's approval of the Settlement, all members of the Settlement Class who do not opt-out (as well as their spouses, heirs, and others who may possess rights on their behalf) will fully release Defendants (and affiliates, subsidiaries, employees, and others who may be subject to claims with respect to Defendants as specified in the Settlement Agreement) from any and all actions, causes of action, suits, claims or complaints which they may have or claim to have, whether or not presently known to them, arising out of or related to the facts alleged or claims asserted in the Action for violations of the **New York State Labor Law's wage and hour laws or its related regulations** (including but not limited to those arising under the Wage Theft Prevention Act, as amended,  the requirements of New York Labor Law Section 195, payment of minimum wages, payment of overtime wages, payment of spread of hours pay, and/or payment of split shift pay) from the beginning of time up to **[date of filing preliminary approval motion]**.  This release affects your rights and carries obligations in the future.

Additionally, all members of the Settlement Class who filed a Consent to Join under the FLSA form (as well as their respective current and former spouses, heirs and others who may possess rights on their behalf) will fully and forever release Defendants (and its affiliates, subsidiaries, employees, and others who may be subject to claims with respect to Defendants as specified in the Settlement Agreement), from any and all actions, causes of action, suits, claims or complaints which they may have or claim to have, whether or not presently known to them, arising out of or related to the facts alleged or claims asserted in the Action, for violations of the **Fair Labor Standards Act or its related regulations** from the beginning of time up to **[date of filing preliminary approval motion]**.

To view the full terms of this release, which are contained in the Settlement Agreement, please contact Class Counsel.

## 10. How do I get out of the Settlement?

If you choose to be excluded or "opt-out" from the Settlement, you will not be bound by any judgment or other final disposition of the lawsuit. You will retain any claims against Defendants you might have. To request exclusion, you must state in writing your desire to be excluded from the Settlement Class. **Your request for**

exclusion must be sent by first-class mail, include your name and address, and be postmarked on or before <mark>[60 days after initial mailing of notice packet]</mark> addressed to:

<mark>[class administrator]</mark>
<mark>[address]</mark>
<mark>[phone]</mark>

**If the request is not postmarked on or before <mark>[60 days after initial mailing of notice packet]</mark> your request for exclusion will be invalid**, and you will be bound by the terms of the Settlement approved by the Court, including without limitation, the judgment ultimately rendered in the case, and you will be barred from bringing any claims that arise out of or relate in any way to the NYLL claims in the case as specified in the release referenced in Paragraph 9 above or the FLSA claims in the case as specified in the release referenced in Paragraph 9 above if you filed a consent to join form.

---

**11.      If I exclude myself, can I get benefits from this Settlement?**

**No, you will not receive any benefit from the Settlement if you exclude yourself.**  Further, unless you exclude yourself, you give up any right to sue Defendants for the claims referenced in Paragraph 9 above.
***If you have a pending claim or lawsuit, speak to your attorney in that case immediately***.

---

**The Attorneys Representing You**

---

**12. Do I have an attorney in this case?**

The Court has appointed the following attorneys as Counsel for the Settlement Class:

Robert Ottinger
Finn Dusenbery

The Ottinger Firm, P.C.
535 Mission St, 14th Fl
San Francisco, CA 94105
(347) 492-1904
finn@ottingerlaw.com

Counsel for the Settlement Class represent the interests of the Settlement Class. You may hire your own attorney to advise you, but if you hire your own attorney, you will be responsible for paying that attorney's fees.

---

**13. How will the attorneys be paid?**

Counsel for the Settlement Class will be paid out of the Settlement Fund.

---

**14. Who are the Class Representatives and what additional compensation do they receive?**

The Court has appointed Kishore Naik, Harish Chand, Mohamed K. Newaz, Abdul Baten Rocky, B. Gourishankar, Mohammad M. Abbasi as the Class Representatives.  The Class Representatives initiated the lawsuit, participated in discovery and assisted Counsel for the Settlement Class.

**Objecting To The Settlement**

**15. How do I tell the Court that I don't like the Settlement?**

You can object to any aspect of the proposed Settlement by filing and serving a written objection. Your written objection must include: (1) evidence that you are a member of the Settlement Class; (2) a notice of your intent to appear at the Final Fairness Hearing on at _____ on _____ in the United States District Court for the Southern District of New York, Thurgood Marshall U.S. Courthouse, 40 Foley Square, New York NY 10007, (3) a statement of the objection(s) being asserted; (4) a detailed description of the facts and legal authorities underlying each objection; (5) a list of any witnesses who may be called to testify at the Final Fairness Hearing, whether in person, by deposition, or affidavit; and (6) a list of any exhibits, and copies of the same, which you may offer at the Final Fairness Hearing.

**You must file any objection with the Clerk of the Court at the address below by [60 days after initial mailing of notice packet]**

United States District Court for the Southern District of New York
Thurgood Marshall U.S. Courthouse
40 Foley Square, New York NY 10007

Please prominently reference:

*Kishore Naik, Harish Chand, Mohamed K. Newaz, Abdul Baten Rocky, B. Gourishankar, Mohammad M. Abbasi, individually and on behalf of all others similarly situated, v. Swagat Restaurant, Inc. d/b/a Sapphire Indian Cuisine, et al.*, in Civil Action No. 1:19-cv-05025-JMF

**You must also send your objection by first-class mail, postmarked on or before [60 days after initial mailing of notice packet]** to Counsel for the Settlement Class and counsel for Defendants. These documents should be mailed to Counsel for the Settlement Class at:

Robert Ottinger
The Ottinger Law Firm, P.C.
535 Mission St, 14th Fl
San Francisco, CA 94105
*Counsel for Plaintiffs and the Class*

and to counsel for Defendants at:

Raymond Nardo, P.C.
129 Third St
Mineola, NY 11501
*Counsel for Sandip Dashi and Swagat Restaurant, Inc. d/b/a Sapphire Indian Cuisine*

Any member of the Settlement Class who does not file and serve an objection in the time and manner described above will not be permitted to raise that objection later.

## 16. Where and when will the Court decide whether to approve the Settlement?

There will be a Final Fairness Hearing to consider approval of the proposed Settlement at ⬚⬚⬚⬚⬚⬚⬚ on ⬚⬚⬚⬚⬚⬚⬚ at the United States District Court for the Southern District of New York, Thurgood Marshall U.S. Courthouse, 40 Foley Square, New York NY 10007. The hearing may be postponed to a later date without further notice. The purpose of the hearing is to determine the fairness, reasonableness, and adequacy of the terms of Settlement; whether the Settlement Class is adequately represented by the Class Representatives and Counsel for the Settlement Class; and whether an order and final judgment should be entered approving the proposed Settlement. The Court also will consider Settlement Class Counsel's application for an award of attorneys' fees and expenses and Class Representatives' incentive awards.

You will be represented at the Final Fairness Hearing by Counsel for the Settlement Class, unless you choose to enter an appearance in person or through your own counsel, but you will be responsible for paying your own attorney if you chose to be represented by an attorney other than the Settlement Class Counsel. The appearance of your own attorney is not necessary to participate in the Final Fairness Hearing.

## 17. Do I have to come to the hearing?

No. Counsel for the Settlement Class will represent the Settlement Class at the Final Fairness Hearing, but you are welcome to come at your own expense. If you send any objection, you do not have to attend the Final Fairness Hearing to present your objection to the Court and respond to any inquiries. As long as you filed and mailed your written objection on time, the Court will consider it. You may also pay your own attorney to attend, if you wish.

## 18. May I speak at the hearing?

You may ask the Court for permission to speak at the Final Fairness Hearing. To do so, you must send with your objection a notice of intention to appear at the hearing as described in Paragraph 15 above.

## Getting More Information

## 19. Are there more details about the Settlement?

This Notice is only a summary. For a more detailed statement of the matters involved in the lawsuit or the Settlement, you may refer to the papers filed in this case during regular business hours at the office of the Clerk of the Court, United States District Court for the Southern District of New York, Thurgood Marshall U.S. Courthouse, 40 Foley Square, New York NY 10007, File: *Naik, et al. v. Swagat Restaurant, Inc. d/b/a Sapphire Indian Cuisine, et al., Civil Action No. 19-cv-05025-JMF*.  The full Settlement Agreement and certain pleadings filed in the cases can be requested, in writing, from Class Counsel, identified in Paragraph 15 above.

## 20. How do I get more information?

You can contact Class Counsel, identified in Paragraph 12 and 15 above.

# EXHIBIT B

**Exhibit B**

***Naik, et al. v. Swagat Restaurant Inc. d/b/a Sapphire Indian Cuisine*, *et al.*, No. 19-cv-05025**

A notice of proposed settlement was mailed to you in the above-referenced lawsuit because you may be eligible to receive compensation.  To receive another hard copy of the notice and learn about your rights, you may contact the Claims Administrator at xxx-xxx-xxxx.  If you have any questions about the Settlement, contact Class Counsel The Ottinger Firm, P.C. at 347-492-1904 or finn@ottingerlaw.com.

# EXHIBIT C

<u>NOTICE OF CLASS ACTION LAWSUIT SETTLEMENT AND FAIRNESS HEARING IN NAIK ET AL. V. SWAGAT RESTAURANT, INC. d/b/a SAPPHIRE INDIAN CUISINE, ET AL., INDEX NO. 19 CIV. 5025 PENDING IN THE UNITED STATES DISTRICT COURT, SOUTHERN DISTRICT OF NEW YORK</u>

If you were employed by Swagat Restaurant Inc. d/b/a Sapphire Indian Cuisine between May 30, 2013 and **[date of filing preliminary approval motion]**, you may be entitled to participate in the proposed settlement of the case captioned *Naik, et al. v. Swagat Restaurant, Inc.*, No. 08 Civ.10240 (S.D.N.Y.) (the "Lawsuit").

The Lawsuit alleges that Defendants violated the federal Fair Labor Standard Act ("FLSA") and New York Labor Law ("NYLL").  Defendants deny any violations.

If you are a Class Member and do not opt out of this settlement, you are entitled to your share of the settlement.  **If you are a Class Member and did not receive notice of this settlement by mail, call Class Counsel The Ottinger Firm, P.C. at 347-492-1904 to confirm that you are a Class Member and provide your address to receive your settlement payment.**

If the Court approves this settlement, Class Members will release Defendants from all wage and hour claims under New York law up to **[date of filing preliminary approval motion]** and, if they submitted a consent to join form, all wage and hour claims under the FLSA up to **[date of filing preliminary approval motion]**.

You may opt out of the Settlement Agreement if you do not want to participate, otherwise you will be bound by its terms.  **To opt out, write your name, address, and desire to opt out, by first-class mail, postmarked by [60 days after initial mailing of Notice], to:** [class administrator]; [address]; [phone].

For additional questions, contact Class Counsel, The Ottinger Firm, P.C., 347-492-1904, finn@ottingerlaw.com.

# EXHIBIT D

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------x

KISHORE NAIK, HARISH CHAND,
MOHAMED KAHLID NEWAZ, ABDUEL
BATEN ROCKY, B. GOURISHANKAR,
MOHAMAD M. ABBASI,

              No. 19-cv-5025 (JMF)

          **Plaintiffs,**

      v.

SWAGAT RESTAURANT, INC. d/b/a
SAPPHIRE INDIAN CUISINE, SATIS
CHANDRA AURORA, and SANDIP DASHI,

          **Defendants.**

------------------------------------------------------x

## AFFIDAVIT FOR JUDGMENT BY CONFESSION (CPLR § 3218)

STATE OF NEW ~~YORK~~ Jersey  )
                    )
COUNTY OF Hudson  )  ss.:

Sandip Desai      , being duly sworn, deposes and says:

1.    Swagat Restaurant, Inc. d/b/a Sapphire Indian Cuisine ("Sapphire"), and I, Sandip

Desai (improperly pled in the above-captioned action as Sandip Dashi), are each named

Defendants in the above-entitled action (the "Action"), and I reside at 121 St Paul'sAve, in

the county of Hudson        Jersey City, NJ

2.    I make this affidavit pursuant to § 3218 of the New York Civil Practice Law and

Rules, in support of Plaintiffs' application for the entry of a judgment by confession against myself in

the above-captioned action.

3.    This is a judgment to be confessed for money due. The facts out of which the debt

arose and that the sum confessed is justly due is set forth below.

4.      In the Action, Plaintiffs alleged that they were employees of Defendants and that Defendants failed to pay Plaintiffs minimum wage, overtime, and spread of hours compensation due, and failed to provide proper notices of pay under New York Labor Law § 195, *inter alia.* Defendants denied all of Plaintiffs' allegations in the Action.

5.      In or around September 2020, Defendants agreed to pay the total sum of One Million Eight Hundred Thousand Dollars and Zero Cents ($1,800,000.00), the "Gross Settlement Fund," to settle the above-captioned action on a class-wide basis in a Settlement Agreement and Release (the "Agreement").

6.      Under the terms of the Agreement, if Defendants are in default of any payment referenced above, Plaintiffs shall provide ten (10) calendar days' written notice to Defendants of their intent to file the Affidavit for Confession of Judgment with the clerk of any court of competent jurisdiction. Defendants shall have ten (10) calendar days from the sending of the notice to cure to remedy their default.

7.      If Defendants do not remedy their default within ten (10) calendar days of the sending of such notice, I hereby authorize the entry of judgment against me in the amount of one-hundred twenty-five percent (125%) of the amount of any payments remaining of the One Million Eight Hundred Thousand Dollars ($1,800,000) Gross Settlement Fund, minus any settlement payments already made.

8.      I hereby authorize this confessed judgment to be entered against myself with the clerk of any court of competent jurisdiction.

9.      This affidavit shall be null and void upon full payment of the settlement amount by Defendants.

Dated:

~~NY~~ NJ

February 18, 2021

By: _____

Sandip Desai

Sworn to before me this

18 day of Feb, 2021

NEETI DESAI
NOTARY PUBLIC
State of New Jersey
ID # 50146670
My commission Expires 12|28|2025

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------x

KISHORE NAIK, HARISH CHAND,
MOHAMED KAHLID NEWAZ, ABDUEL
BATEN ROCKY, B. GOURISHANKAR,      No. 19-cv-5025 (JMF)
MOHAMAD M. ABBASI,

              Plaintiffs,

      v.

SWAGAT RESTAURANT, INC. d/b/a
SAPPHIRE INDIAN CUISINE, SATIS
CHANDRA AURORA, and SANDIP DASHI,

              Defendants.
---------------------------------------------------------x

## AFFIDAVIT FOR JUDGMENT BY CONFESSION (CPLR § 3218)

STATE OF NEW ~~YORK~~ JERSEY )
                     )
                     ) ss.:
COUNTY OF HUDSON )

    Sandip Desai , being duly sworn, deposes and says:

    1.    I am the General Manager of Swagat Restaurant, Inc. d/b/a Sapphire

Indian Cuisine ("Sapphire"), a defendant in the above-entitled action, and I reside at

121 St. Paul's Ave. in the county of Hudson
Jersey City, NJ

    2.    I make this affidavit pursuant to § 3218 of the New York Civil Practice Law and

Rules, in support of Plaintiff's application for the entry of a judgment by confession against Swagat

Restaurant, Inc. d/b/a Sapphire Indian Cuisine ("Sapphire"), in the above-captioned action.

    3.    This is a judgment to be confessed for money due. The facts out of which the debt

arose and that the sum confessed is justly due is set forth below.

4.      In the Action, Plaintiffs alleged that they were employees of Defendants and that Defendants failed to pay Plaintiffs minimum wage, overtime, and spread of hours compensation due, and failed to provide proper notices of pay under New York Labor Law § 195, *inter alia*. Defendants denied all of Plaintiffs' allegations in the Action.

5.      In or around September 2020, Defendants agreed to pay the total sum of One Million Eight Hundred Thousand Dollars and Zero Cents ($1,800,000.00), the "Gross Settlement Fund," to settle the above-captioned action on a class-wide basis in a Settlement Agreement and Release (the "Agreement").

6.      Under the terms of the Agreement, if Defendants are in default of any payment referenced above, Plaintiffs shall provide ten (10) calendar days' written notice to Defendants of their intent to file the Affidavit for Confession of Judgment with the clerk of any court of competent jurisdiction. Defendants shall have ten (10) calendar days from the sending of the notice to cure to remedy their default.

7.      If Defendants do not remedy their default within ten (10) calendar days of the sending of such notice, I hereby authorize the entry of judgment against me in the amount of one-hundred twenty-five percent (125%) of the amount of any payments remaining of the One Million Eight Hundred Thousand Dollars ($1,800,000) Gross Settlement Fund, minus any settlement payments already made.

8.      I hereby authorize this confessed judgment to be entered against Swagat Restaurant Inc. d/b/a Sapphire Indian Cuisine with the clerk of any court of competent jurisdiction.

9.      This affidavit shall be null and void upon full payment of the settlement amount by Defendants.

Dated: _____, NJ
        February 18', 2021      NY

                                        By:    _____

                                               Name:
                                               Title:

Sworn to before me this
  18  day of Feb      , 20 21

_____
Notary Public

**NEETI DESAI**
**NOTARY PUBLIC**
**State of New Jersey**
**ID # 50146670**
**My Commission Expires** 12 28 2025